ORIGINAL

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **DIAMONDBACK INDUSTRIES, INC.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **REPEAT PRECISION, LLC; NCS** | § | **Civil Action No. 4:18-cv-00902-A** |
| **MULTISTAGE, LLC; NCS** | § | |
| **MULTISTAGE HOLDINGS, INC.; RJ** | § | |
| **MACHINE COMPANY, INC.; GARY** | § | |
| **MARTIN, GRANT MARTIN; ROBERT** | § | |
| **NIPPER; KINGDOM DOWNHOLE** | § | |
| **TOOLS, LLC; TREA H. BAKER; and** | § | |
| **JUSTICE BAKER,** | § | |
| | § | |
| **Defendants.** | § | |

---

## DEFENDANTS KINGDOM DOWNHOLE TOOLS, LLC, TREA H. BAKER, AND JUSTICE BAKER'S ANSWER TO PLAINTIFF'S COMPLAINT

---

Defendants Kingdom Downhole Tools, LLC ("Kingdom"), Trea H. Baker ("T. Baker"), and Justice Baker ("J. Baker") (collectively, "Defendants") file this Original Answer to Plaintiff's Original Complaint (the "Complaint") and would show the Court as follows:

### A.  DEFENDANTS' ANSWER

### Summary of Action

Defendants deny the allegations set forth against them in the Summary of Action. The Summary of Action fails to set forth Plaintiff's claims against Defendants in numbered paragraphs, each limited as far as practicable to a single set of circumstances, as required by FED.R.CIV.P. 10(b). Thus, it is difficult, if not impossible, to respond to the allegations set forth against Defendants. Furthermore, the vast majority of the allegations set forth in the Summary

of Action do not pertain to Defendants.  As to those allegations that appear to pertain to Defendants:

Defendants T. Baker and J. Baker deny the allegations set forth in the last paragraph of Complaint Page 7.

Defendants admit that T. Baker and J. Baker formed Kingdom Downhole Tools LLC, but deny that they utilized Diamondback's proprietary trade secrets and highly confidential information.  Defendants deny the remaining allegations set forth in the last paragraph of Complaint Page 8.

Defendants deny the allegations set forth in the last paragraph of Complaint Page 9.

Defendants lack sufficient information to admit or deny the remaining allegations set forth in the Summary of Action and, therefore, deny the same.

## I.   PARTIES

1.    Defendants lack sufficient information to admit or deny the allegations contained in Complaint Paragraph 1 and, therefore, deny same.

2.    Defendants lack sufficient information to admit or deny the allegations contained in Complaint Paragraph 2 and, therefore, deny same.

3.    Defendants lack sufficient information to admit or deny the allegations contained in Complaint Paragraph 3 and, therefore, deny same.

4.    Defendants lack sufficient information to admit or deny the allegations contained in Complaint Paragraph 4 and, therefore, deny same.

5.    Defendants admit the allegations contained in Complaint Paragraph 5.

6.    Defendants lack sufficient information to admit or deny the allegations contained in Complaint Paragraph 6 and, therefore, deny same.

7.      Defendants lack sufficient information to admit or deny the allegations contained in Complaint Paragraph 7 and, therefore, deny same.

8.      Defendants lack sufficient information to admit or deny the allegations contained in Complaint Paragraph 8 and, therefore, deny same.

9.      Defendants admit that T. Baker is an individual residing in Granbury, Texas and may be served personally where he may be found, pursuant to the Federal Rules of Civil Procedure. Defendants deny the remaining allegations contained in Complaint Paragraph 9.

10.     Defendants admit that J. Baker is an individual residing in Granbury, Texas and may be served personally where he may be found, pursuant to the Federal Rules of Civil Procedure. Defendants deny the remaining allegations contained in Complaint Paragraph 10.

## II.      JURISDICTION AND VENUE

11.     Defendants admit that Plaintiff purports that this is an action for trade secret misappropriation arising under Title 18 of the United States Code, as well as various claims under the laws of the State of Texas, as alleged by Plaintiff in Complaint Paragraph 11, but deny that Defendants committed any violations of law and that Plaintiff is entitled to any relief or damages.

12.     Defendants admit that jurisdiction is properly pled in this Court, as alleged by Plaintiff in Complaint Paragraph 12, but deny that Defendants committed any violations of law and that Plaintiff is entitled to any relief or damages.

13.     Defendants admit that venue is proper in this Court because Defendants conduct business in this District and because some of the claims alleged in this Complaint arise in this District, as alleged in Complaint Paragraph 13. Defendants deny the remaining allegations in Complaint Paragraph 13.

14.     Defendants admit that they are subject to this Court's general and specific personal jurisdiction because Defendants have sufficient minimum contacts within the State of Texas and this District, and Defendants purposefully avail themselves of the privileges of conducting business in the State of Texas and in this District, as alleged by Plaintiff in Complaint Paragraph 14. Defendants deny the remaining allegations in Complaint Paragraph 14.

15.     Defendants admit that T. Baker is a former employee of Plaintiff. Defendants deny allegations relating to Plaintiff's claim that any of its information constitutes a trade secret. Defendants deny the remaining allegations in Complaint Paragraph 15.

## III.    BACKGROUND FACTS

16.     Defendants incorporate Paragraphs 1-15 and the Summary of Action of their Answer by reference.

17.     Defendants admit that Diamondback was founded by Derrek Drury ("Drury"). Defendants lack sufficient information to admit or deny the remaining allegations set forth in Complaint Paragraph 17 and, therefore, deny the same.

18.     Defendants admit that Jimmy L. Carr and T. Baker are former employees of Diamondback, that Jimmy L. Carr is deceased, that T. Baker was terminated from Diamondback, that Jimmy L. Carr and T. Baker were involved in developing a disposable setting tool as part of Diamondback's technology development that resulted in the '035 Patent, and that the '035 Patent was issued on November 7, 2017. Defendants deny that Drury developed the setting tool that resulted in the '035 Patent.

19.     Defendant T. Baker admits that Clint Mickey ("Mickey") contacted T. Baker via telephone and asked whether Diamondback was interested in licensing the '035 Patent and that Mickey represented to T. Baker that he was a Product Line Manager for Repeat Precision.

Defendant T. Baker denies the remaining allegations in Complaint Paragraph 19. Defendants Kingdom and J. Baker lack sufficient information to admit or deny the allegations set forth in Complaint Paragraph 19 and, therefore, deny the same.

20.     Defendant T. Baker admits that on February 8, 2018, Drury responded to an email from T. Baker and stated that Diamondback would "not be licensing the product." Defendant T. Baker denies the remaining allegations in Complaint Paragraph 20. Defendants Kingdom and J. Baker lack sufficient information to admit or deny the allegations set forth in Complaint Paragraph 20 and, therefore, deny the same.

21.     Defendants lack sufficient information to admit or deny the allegations as set forth in Complaint Paragraph 21 and, therefore, deny the same.

22.     Defendant T. Baker admits that on February 16, 2018, Diamondback and R-P entered into a Mutual Confidentiality and Non-Disclosure Agreement. Defendants Kingdom and J. Baker lack sufficient information to admit or deny the allegations set forth in Complaint Paragraph 22 and, therefore, deny the same.

23.     Defendant T. Baker admits that on February 19, 2018, Ga. Martin, Gr. Martin, and Mickey visited Diamondback's Crowley headquarters and met with Drury and T. Baker and Ga. Martin made the statements as set forth in Complaint Paragraph 23. Defendant T. Baker denies that J. Baker was present at the meeting as set forth in Complaint Paragraph 23. Defendants Kingdom and J. Baker lack sufficient information to admit or deny the allegations set forth in Complaint Paragraph 23 and, therefore, deny the same.

24.     Defendant T. Baker admits that at the February 19, 2018 meeting, Ga. Martin proposed a deal through which R-P would manufacture the setting tools in its Mexico facility, would label all sales materials and packaging with Diamondback's brand, and that Ga. Martin

discussed the benefit to Diamondback of partnering with R-P due to R-P's manufacturing capabilities. Defendant T. Baker denies the remaining allegations in Complaint Paragraph 24. Defendants Kingdom and J. Baker lack sufficient information to admit or deny the allegations set forth in Complaint Paragraph 24 and, therefore, deny the same.

25.     Defendants lack sufficient information to admit or deny the allegations set forth in Complaint Paragraph 25 and, therefore deny the same.

26.     Defendant T. Baker admits that on March 16, 2018, R-P and Diamondback entered into the Patent Agreement and that the Patent Agreement includes the recited clause. Defendant T. Baker lacks sufficient information to admit or deny the remaining allegations set forth in Complaint Paragraph 26 and, therefore denies the same.  Defendant Kingdom and J. Baker lack sufficient information to admit or deny the allegations set forth in Complaint Paragraph 26 and, therefore deny the same.

27.     Defendants admit that the Patent Agreement defines "Confidential Information" as alleged in Complaint Paragraph 27.

28.     Defendants admit that the Patent Agreement includes a confidentiality clause, as alleged in Complaint Paragraph 28.

29.     Defendants T. Baker and J. Baker admit that T. Baker was terminated by Diamondback.  Defendants T. Baker and J. Baker lack sufficient information to admit or deny the remaining allegations set forth in Complaint Paragraph 29 and, therefore, deny the same. Defendant Kingdom lacks sufficient information to admit or deny the allegations set forth in Complaint Paragraph 29 and, therefore, denies the same.

30.     Defendant J. Baker admits that he received the March 28, 2018 email.  J. Baker lacks sufficient information to admit or deny the remaining allegations set forth in Complaint

Paragraph 30 and, therefore, denies the same. Defendants Kingdom and T. Baker lack sufficient information to admit or deny the allegations set forth in Complaint Paragraph 30 and, therefore, deny the same.

31.     Defendants T. Baker and J. Baker admit that J. Baker was terminated on April 12, 2018. Defendants T. Baker and J. Baker deny the remaining allegations set forth in Complaint Paragraph 31. Defendant Kingdom lacks sufficient information to admit or deny the allegations set forth in Complaint Paragraph 31 and, therefore, denies the same.

32.     Defendants admit that Kingdom Downhole Tools LLC was formed on June 18, 2018, that T. Baker and J. Baker are Managing Members, and that the "Kingdom Downhole Tolls – Executive Summary" was created on or about April 22, 2018 and contains quoted statement. Defendants deny the remaining allegations in Complaint Paragraph 32.

33.     Defendants lack sufficient information to admit or deny the allegations set forth in Complaint Paragraph 33 and, therefore, deny the same.

34.     Defendants lack sufficient information to admit or deny the allegations set forth in Complaint Paragraph 34 and, therefore, deny the same.

35.     Defendants lack sufficient information to admit or deny the allegations set forth in Complaint Paragraph 35 and, therefore, deny the same.

36.     Defendants lack sufficient information to admit or deny the allegations set forth in Complaint Paragraph 36 and, therefore, deny the same.

37.     Defendants lack sufficient information to admit or deny the allegations set forth in Complaint Paragraph 37 and, therefore, deny the same.

38.     Defendants lack sufficient information to admit or deny the allegations set forth in Complaint Paragraph 38 and, therefore, deny the same.

39.     Defendants lack sufficient information to admit or deny the allegations set forth in Complaint Paragraph 39 and, therefore, deny the same.

40.     Defendants lack sufficient information to admit or deny the allegations set forth in Complaint Paragraph 40 and, therefore, deny the same.

41.     Defendants lack sufficient information to admit or deny the allegations set forth in Complaint Paragraph 41 and, therefore, deny the same.

42.     Defendants lack sufficient information to admit or deny the allegations set forth in Complaint Paragraph 42 and, therefore, deny the same.

43.     Defendants lack sufficient information to admit or deny the allegations set forth in Complaint Paragraph 43 and, therefore, deny the same.

44.     Defendants lack sufficient information to admit or deny the allegations set forth in Complaint Paragraph 44 and, therefore, deny the same.

45.     Defendants lack sufficient information to admit or deny the allegations set forth in Complaint Paragraph 45 and, therefore, deny the same.

46.     Defendants lack sufficient information to admit or deny the allegations set forth in Complaint Paragraph 46 and, therefore, deny the same.

47.     Defendants lack sufficient information to admit or deny the allegations set forth in Complaint Paragraph 47 and, therefore, deny the same.

48.     Defendants lack sufficient information to admit or deny the allegations set forth in Complaint Paragraph 48 and, therefore, deny the same.

49.     Defendants lack sufficient information to admit or deny the allegations set forth in Complaint Paragraph 49 and, therefore, deny the same.

50.     Defendants lack sufficient information to admit or deny the allegations set forth in Complaint Paragraph 50 and, therefore, deny the same.

51.     Defendants lack sufficient information to admit or deny the allegations set forth in Complaint Paragraph 51 and, therefore, deny the same.

52.     Defendants lack sufficient information to admit or deny the allegations set forth in Complaint Paragraph 52 and, therefore, deny the same.

53.     Defendants lack sufficient information to admit or deny the allegations set forth in Complaint Paragraph 53 and, therefore, deny the same.

54.     Defendants lack sufficient information to admit or deny the allegations set forth in Complaint Paragraph 54 and, therefore, deny the same.

55.     Defendants lack sufficient information to admit or deny the allegations set forth in Complaint Paragraph 55 and, therefore, deny the same.

56.     Defendants lack sufficient information to admit or deny the allegations set forth in Complaint Paragraph 56 and, therefore, deny the same.

57.     Defendants lack sufficient information to admit or deny the allegations set forth in Complaint Paragraph 57 and, therefore, deny the same.

58.     Defendants lack sufficient information to admit or deny whether any other Defendants had access to Diamondback's trade secrets or whether Defendant Ga. Martin admitted to doing anything and, therefore, deny the allegations. Defendants deny allegations relating to Plaintiff's claim that any of its information constitutes a trade secret. Defendants deny the remaining allegations in Complaint Paragraph 58.

59.     Defendants lack sufficient information to admit or deny the allegations set forth in Complaint Paragraph 59 and, therefore, deny the same.

---

60.     Defendants lack sufficient information to admit or deny the allegations set forth in Complaint Paragraph 60 and, therefore, deny the same.

61.     Defendants deny the allegations in Complaint Paragraph 61.

62.     Defendants admit that Kingdom was formed on June 18, 2018, with filing number 803046167, and that T. Baker and J. Baker are Managing Members.   Defendants deny the remaining allegations in Complaint Paragraph 62.

63.     Defendants admit that the Prospectus contains the quoted statements as alleged in Complaint Paragraph 63.  Defendants deny the remaining allegations in Complaint Paragraph 63.

64.     Defendants lack sufficient information to admit or deny the allegations set forth in Complaint Paragraph 64 and, therefore, deny the same.

65.     Defendants lack sufficient information to admit or deny the allegations set forth in Complaint Paragraph 65 and, therefore, deny the same.

66.     Defendants lack sufficient information to admit or deny the allegations set forth in Complaint Paragraph 66 and, therefore, deny the same.

## IV.    SUMMARY OF BACKGROUND FACTS

67.     Defendants lack sufficient information to admit or deny the allegations set forth in Complaint Paragraph 67 and, therefore, deny the same.

### a.   Gary Martin, Grant Martin, and R-P

68.     Defendants deny the allegations in Complaint Paragraph 68.

69.     Defendants lack sufficient information to admit or deny the allegations set forth in Complaint Paragraph 69 and, therefore, deny the same.

70.     Defendants lack sufficient information to admit or deny the allegations set forth in Complaint Paragraph 70 and, therefore, deny the same.

71.     Defendants lack sufficient information to admit or deny the allegations set forth in Complaint Paragraph 71 and, therefore, deny the same.

72.     Defendants lack sufficient information to admit or deny the allegations set forth in Complaint Paragraph 72 and, therefore, deny the same.

73.     Defendants lack sufficient information to admit or deny the allegations set forth in Complaint Paragraph 73 and, therefore, deny the same.

74.     Defendants admit that T. Baker and J. Baker were terminated from Diamondback. Defendants deny the remaining allegations in Complaint Paragraph 74.

75.     Defendants lack sufficient information to admit or deny the allegations set forth in Complaint Paragraph 75 and, therefore, deny the same.

76.     Defendants lack sufficient information to admit or deny the allegations set forth in Complaint Paragraph 76 and, therefore, deny the same.

77.     Defendants lack sufficient information to admit or deny the allegations set forth in Complaint Paragraph 77 and, therefore, deny the same.

78.     Defendants lack sufficient information to admit or deny the allegations set forth in Complaint Paragraph 78 and, therefore, deny the same.

**b.  NCS M-H, NCSM, and Robert Nipper**

79.     Defendants lack sufficient information to admit or deny the allegations set forth in Complaint Paragraph 79 and, therefore, deny the same.

80.     Defendants lack sufficient information to admit or deny the allegations set forth in Complaint Paragraph 80 and, therefore, deny the same.

81.     Defendants lack sufficient information to admit or deny the allegations set forth in Complaint Paragraph 81 and, therefore, deny the same.

82.     Defendants lack sufficient information to admit or deny the allegations set forth in Complaint Paragraph 82 and, therefore, deny the same.

**c.   Kingdom, T. Baker and J. Baker**

83.     Defendants admit that T. Baker and J. Baker were terminated from Diamondback. Defendants deny the remaining allegations in Complaint Paragraph 83.

84.     Defendants admit that T. Baker and J. Baker formed Kingdom.  Defendants deny the remaining allegations in Complaint Paragraph 84.

85.     Defendants deny the allegations in Complaint Paragraph 85.

86.     Defendants deny the allegations in Complaint Paragraph 86.

87.     Defendant T. Baker and J. Baker admit that T. Baker performed one consulting project for R-P Precision that did not rely upon any Diamondback trade secrets.  Defendants T. Baker and J. Baker deny the remaining allegations in Complaint Paragraph 87.   Defendant Kingdom lacks sufficient information to admit or deny the allegations set forth in Complaint Paragraph 87 and, therefore, denies the same.

88.     Defendants deny the allegations in Complaint Paragraph 88.

## CLAIM I – THE R-P DEFENDANTS' MISAPPROPRIATION OF TRADE SECRETS UNDER 18 U.S.C. §1836, *et seq.*

89.     Defendants incorporate Paragraphs 1-88 and the Summary of Action of their Answer by reference.

90.     Defendants deny allegations relating to Plaintiff's claim that any of its information constitutes a trade secret.  Defendants lack sufficient information to admit or deny the remaining allegations set forth in Complaint Paragraph 90 and, therefore, deny the same.

91.     Defendants deny the allegations relating to Plaintiff's claim that any of its information constitutes a trade secret as set forth in Complaint Paragraph 91.

92.     Defendants deny the allegations relating to Plaintiff's claim that any of its information constitutes a trade secret as set forth in Complaint Paragraph 92.

93.     Defendants deny the allegations in Complaint Paragraph 93.

94.     Defendants deny allegations relating to Plaintiff's claim that any of its information constitutes a trade secret.  Defendants lack sufficient information to admit or deny the remaining allegations set forth in Complaint Paragraph 94 and, therefore, deny the same.

95.     Defendants deny the allegations in Complaint Paragraph 95.

96.     Defendants deny that the R-P Defendants obtained trade secrets from T. Baker and Plaintiff's claim that any of its information constitutes a trade secret.  Defendants lack sufficient information to admit or deny the remaining allegations set forth in Complaint Paragraph 96 and, therefore, deny the same.

97.     Defendants deny allegations relating to Plaintiff's claim that any of its information constitutes a trade secret.  Defendants lack sufficient information to admit or deny the remaining allegations set forth in Complaint Paragraph 97 and, therefore, deny the same.

98.     Defendants deny allegations relating to Plaintiff's claim that any of its information constitutes a trade secret.  Defendants lack sufficient information to admit or deny the allegations set forth in Complaint Paragraph 98 and, therefore, deny the same.

99.     Defendants admit that T. Baker was terminated from Diamondback.  Defendants deny allegations relating to Plaintiff's claim that any of its information constitutes a trade secret. Defendants deny the remaining allegations set forth in Complaint Paragraph 99.

100.    Defendants deny allegations relating to Plaintiff's claim that any of its information constitutes a trade secret and that Plaintiff is entitled to monetary and injunctive

relief. Defendants lack sufficient information to admit or deny the remaining allegations set forth in Complaint Paragraph 100 and, therefore, deny the same.

101.    Defendants deny allegations relating to Plaintiff's claim that any of its information constitutes a trade secret and that they have acted jointly and in concert with the R-P Defendants, and that they are liable for misappropriation of trade secrets. Defendants lack sufficient information to admit or deny the remaining allegations set forth in Complaint Paragraph 101 and, therefore, deny the same.

### CLAIM II – MISAPPROPRAITION OF TRADE SECRETS AGAINST THE NCS DEFENDANTS UNDER 18 U.S.C. §1836, *et seq.*

102.    Defendants incorporate Paragraphs 1-101 and the Summary of Action of their Answer by reference.

103.    Defendants deny allegations relating to Plaintiff's claim that any of its information constitutes a trade secret. Defendants lack sufficient information to admit or deny the remaining allegations set forth in Complaint Paragraph 103 and, therefore, deny the same.

104.    Defendants deny the allegations relating to Plaintiff's claim that any of its information constitutes a trade secret as set forth in Complaint Paragraph 104.

105.    Defendants deny the allegations relating to Plaintiff's claim that any of its information constitutes a trade secret as set forth in Complaint Paragraph 105.

106.    Defendants deny the allegations in Complaint Paragraph 106.

107.    Defendants deny the allegations relating to Plaintiff's claim that any of its information constitutes a trade secret. Defendants lack sufficient information to admit or deny the remaining allegations set forth in Complaint Paragraph 107 and, therefore, deny the same.

108.    Defendants deny the allegations in Complaint Paragraph 108.

109.    Defendants deny that the NCS Defendants obtained trade secrets from T. Baker and Plaintiff's claim that any of its information constitutes a trade secret.  Defendants lack sufficient information to admit or deny the remaining allegations set forth in Complaint Paragraph 109 and, therefore, deny the same.

110.    Defendants deny allegations relating to Plaintiff's claim that any of its information constitutes a trade secret.  Defendants lack sufficient information to admit or deny the allegations set forth in Complaint Paragraph 110 and, therefore, deny the same.

111.    Defendants deny allegations relating to Plaintiff's claim that any of its information constitutes a trade secret.  Defendants lack sufficient information to admit or deny the allegations set forth in Complaint Paragraph 111 and, therefore, deny the same.

112.    Defendants admit that T. Baker was terminated from Diamondback.  Defendants deny the remaining allegations set forth in Complaint Paragraph 112.

113.    Defendants deny allegations relating to Plaintiff's claim that any of its information constitutes a trade secret and that Plaintiff is entitled to monetary and injunctive relief. Defendants lack sufficient information to admit or deny the remaining allegations set forth in Complaint Paragraph 113 and, therefore, deny the same.

114.    Defendants deny allegations relating to Plaintiff's claim that any of its information constitutes a trade secret and that they have acted jointly and in concert with the R-P Defendants, and that they are liable for misappropriation of trade secrets.  Defendants lack sufficient information to admit or deny the remaining allegations set forth in Complaint Paragraph 114 and, therefore, deny the same.

## CLAIM III – FRAUD BY THE R-P DEFENDANTS

115.    Defendants incorporate Paragraphs 1-114 and the Summary of Action of their Answer by reference.

116.    Defendants deny allegations relating to Plaintiff's claim that any of its information constitutes a trade secret. Defendants lack sufficient information to admit or deny the remaining allegations set forth in Complaint Paragraph 116 and, therefore, deny the same.

117.    Defendants deny allegations relating to Plaintiff's claim that any of its information constitutes a trade secret. Defendants lack sufficient information to admit or deny the remaining allegations set forth in Complaint Paragraph 117 and, therefore, deny the same.

118.    Defendants lack sufficient information to admit or deny the allegations set forth in Complaint Paragraph 118 and, therefore, deny the same.

119.    Defendants lack sufficient information to admit or deny the allegations set forth in Complaint Paragraph 119 and, therefore, deny the same.

120.    Defendants lack sufficient information to admit or deny the allegations set forth in Complaint Paragraph 120 and, therefore, deny the same.

121.    Defendants lack sufficient information to admit or deny the allegations set forth in Complaint Paragraph 121 and, therefore, deny the same.

122.    Defendants lack sufficient information to admit or deny the allegations set forth in Complaint Paragraph 122 and, therefore, deny the same.

## CLAIM IV – FRAUD BY THE NCS DEFENDANTS

123.    Defendants incorporate Paragraphs 1-122 and the Summary of Action of their Answer by reference.

124.    Defendants lack sufficient information to admit or deny the allegations set forth in Complaint Paragraph 124 and, therefore, deny the same.

125.    Defendants deny allegations relating to Plaintiff's claim that any of its information constitutes a trade secret. Defendants lack sufficient information to admit or deny the remaining allegations set forth in Complaint Paragraph 125 and, therefore, deny the same.

126.    Defendants deny allegations relating to Plaintiff's claim that any of its information constitutes a trade secret. Defendants lack sufficient information to admit or deny the remaining allegations set forth in Complaint Paragraph 126 and, therefore, deny the same.

127.    Defendants lack sufficient information to admit or deny the allegations set forth in Complaint Paragraph 127 and, therefore, deny the same.

128.    Defendants lack sufficient information to admit or deny the allegations set forth in Complaint Paragraph 128 and, therefore, deny the same.

129.    Defendants lack sufficient information to admit or deny the allegations set forth in Complaint Paragraph 129 and, therefore, deny the same.

130.    Defendants lack sufficient information to admit or deny the allegations set forth in Complaint Paragraph 130 and, therefore, deny the same.

131.    Defendants lack sufficient information to admit or deny the allegations set forth in Complaint Paragraph 131 and, therefore, deny the same.

## CLAIM V – FRAUDULENT INDUCEMENT RELATED TO THE PATENT LICENSE

132.    Defendants incorporate Paragraphs 1 – 131 and the Summary of Action of their Answer by reference.

133.    Defendants lack sufficient information to admit or deny the allegations set forth in Complaint Paragraph 133 and, therefore, deny the same.

134.    Defendants lack sufficient information to admit or deny the allegations set forth in Complaint Paragraph 134 and, therefore, deny the same.

135.    Defendants lack sufficient information to admit or deny the allegations set forth in Complaint Paragraph 135 and, therefore, deny the same.

136.    Defendants lack sufficient information to admit or deny the allegations set forth in Complaint Paragraph 136 and, therefore, deny the same.

137.    Defendants lack sufficient information to admit or deny the allegations set forth in Complaint Paragraph 137 and, therefore, deny the same.

138.    Defendants lack sufficient information to admit or deny the allegations set forth in Complaint Paragraph 138 and, therefore, deny the same.

139.    Defendants lack sufficient information to admit or deny the allegations set forth in Complaint Paragraph 139 and, therefore, deny the same.

## CLAIM VI – FRAUDULENT INDUCEMENT RELATED TO THE AMENDED PATENT LICENSE

140.    Defendants incorporate Paragraphs 1 – 139 and the Summary of Action of their Answer by reference.

141.    Defendants lack sufficient information to admit or deny the allegations set forth in Complaint Paragraph 141 and, therefore, deny the same.

142.    Defendants lack sufficient information to admit or deny the allegations set forth in Complaint Paragraph 142 and, therefore, deny the same.

143.    Defendants lack sufficient information to admit or deny the allegations set forth in Complaint Paragraph 143 and, therefore, deny the same.

144.    Defendants lack sufficient information to admit or deny the allegations set forth in Complaint Paragraph 144 and, therefore, deny the same.

145.   Defendants lack sufficient information to admit or deny the allegations set forth in Complaint Paragraph 145 and, therefore, deny the same.

146.   Defendants lack sufficient information to admit or deny the allegations set forth in Complaint Paragraph 146 and, therefore, deny the same.

147.   Defendants lack sufficient information to admit or deny the allegations set forth in Complaint Paragraph 147 and, therefore, deny the same.

### CLAIM VII – TORTIOUS INTERFERENCE WITH PROSPECTIVE BUSINESS RELATIONSHIPS BY THE R-P DEFENDANTS AND NCS DEFENDANTS

148.   Defendants incorporate Paragraphs 1 – 147 and the Summary of Action of their Answer by reference.

149.   Defendants lack sufficient information to admit or deny the allegations set forth in Complaint Paragraph 149 and, therefore, deny the same.

150.   Defendants lack sufficient information to admit or deny the allegations set forth in Complaint Paragraph 150 and, therefore, deny the same.

151.   Defendants lack sufficient information to admit or deny the allegations set forth in Complaint Paragraph 151 and, therefore, deny same.

152.   Defendants lack sufficient information to admit or deny the allegations set forth in Complaint Paragraph 152 and, therefore, deny the same.

153.   Defendants lack sufficient information to admit or deny the allegations set forth in Complaint Paragraph 153 and, therefore, deny the same.

154.   Defendants lack sufficient information to admit or deny the allegations set forth in Complaint Paragraph 154 and, therefore, deny the same.

155.   Defendants lack sufficient information to admit or deny the allegations set forth in Complaint Paragraph 155 and, therefore, deny the same.

## CLAIM VIII – CIVIL VIOLATION OF THE COMPUTER FRAUD & ABUSE ACT 18 U.S.C. 1030, BY THE R-P DEFENDANTS AND THE NCS DEFENDANTS

156.     Defendants incorporate Paragraphs 1 – 155 and the Summary of Action of their Answer by reference.

157.     Defendants lack sufficient information to admit or deny the allegations set forth in Complaint Paragraph 157 and, therefore, deny the same.

158.     Defendants lack sufficient information to admit or deny the allegations set forth in Complaint Paragraph 158 and, therefore, deny the same.

159.     Defendants lack sufficient information to admit or deny the allegations set forth in Complaint Paragraph 159 and, therefore, deny the same.

160.     Defendants lack sufficient information to admit or deny the allegations set forth in Complaint Paragraph 160 and, therefore, deny the same.

## CLAIM IX – THEFT OF TRADE SECRETS BY DEFENDANTS KINGDOM, T. BAKER AND J. BAKER UNDER 18 U.S.C. § 1836, *et seq.*

161.     Defendants incorporate Paragraphs 1 – 160 and the Summary of Action of their Answer by reference.

162.     Defendants admit that T. Baker and J. Baker were subject to Diamondback's company policies that were set forth in the Employee Handbook, and admit that the Employee Handbook contains the quoted statements as alleged in Complaint Paragraph 162.  Defendants deny the remaining allegations in Complaint Paragraph 162.

163.     Defendants admit that the Employee Handbook contains the quoted statements as alleged in Complaint Paragraph 163.  Defendants deny the remaining allegations in Complaint Paragraph 163.

164.     Defendants deny the allegations in Complaint Paragraph 164.

165.   Defendants deny the allegations in Complaint Paragraph 165.

166.   Defendants deny the allegations in Complaint Paragraph 166.

167.   Defendants deny the allegations in Complaint Paragraph 167.

168.   Defendants deny the allegations in Complaint Paragraph 168.

169.   Defendants deny the allegations in Complaint Paragraph 169.

170.   Defendants deny the allegations in Complaint Paragraph 170.

171.   Defendants deny the allegations in Complaint Paragraph 171.

172.   Defendants deny the allegations in Complaint Paragraph 172.

173.   Defendants deny the allegations in Complaint Paragraph 173.

174.   Defendants admit that T. Baker and J. Baker established Kingdom on June 18, 2018.  Defendants deny the remaining allegations in Complaint Paragraph 174.

175.   Defendants admit that T. Baker was terminated from Diamondback.  Defendants deny the remaining allegations in Complaint Paragraph 175.

176.   Defendants deny the allegations in Complaint Paragraph 176.

177.   Defendants deny the allegations in Complaint Paragraph 177.

## CLAIM X – CIVIL VIOLATION OF THE COMPUTER FRAUD & ABUSE ACT 18 U.S.C. § 1030, BY JUSTICE BAKER

178.   Defendants incorporate Paragraphs 1 – 177 and the Summary of Action of their Answer by reference.

179.   Defendants deny the allegations in Complaint Paragraph 179.

180.   Defendants deny the allegations in Complaint Paragraph 180.

181.   Defendants admit that T. Baker is J. Baker's father and a terminated Diamondback employee.  Defendants deny the remaining allegations in Complaint Paragraph 181.

182.     Defendants deny the allegations in Complaint Paragraph 182.

## CLAIM XI – BREACH OF THE JULY 25TH CONFIDENTIALITY AGREEMENT

183.     Defendants incorporate Paragraphs 1 – 182 and the Summary of Action of their Answer by reference.

184.     Defendants lack sufficient information to admit or deny the allegations set forth in Complaint Paragraph 184 and, therefore, deny the same.

185.     Defendants lack sufficient information to admit or deny the allegations set forth in Complaint Paragraph 185 and, therefore, deny the same.

186.     Defendants deny allegations relating to Plaintiff's claim that any of its information constitutes a trade secret.  Defendants lack sufficient information to admit or deny the remaining allegations set forth in Complaint Paragraph 186 and, therefore, deny the same.

187.     Defendants lack sufficient information to admit or deny the allegations set forth in Complaint Paragraph 187 and, therefore, deny the same.

188.     Defendants lack sufficient information to admit or deny the allegations set forth in Complaint Paragraph 188 and, therefore, deny the same.

## CLAIM XII – BREACH OF THE PATENT AGREEMENT BY R-P

189.     Defendants incorporate Paragraphs 1 – 188 and the Summary of Action of their Answer by reference.

190.     Defendants admit that they only used Diamondback's trade secrets in an authorized manner.  Defendants lack sufficient information to admit or deny the remaining allegations set forth in Complaint Paragraph 190 and, therefore, deny the same.

191.     Defendants lack sufficient information to admit or deny the allegations set forth in Complaint Paragraph 191 and, therefore, deny the same.

192.     Defendants lack sufficient information to admit or deny the allegations set forth in Complaint Paragraph 192 and, therefore, deny the same.

193.     Defendants lack sufficient information to admit or deny the allegations set forth in Complaint Paragraph 193 and, therefore, deny the same.

194.     Defendants lack sufficient information to admit or deny the allegations set forth in Complaint Paragraph 194 and, therefore, deny the same.

195.     Defendants lack sufficient information to admit or deny the allegations set forth in Complaint Paragraph 195 and, therefore, deny the same.

196.     Defendants lack sufficient information to admit or deny the allegations set forth in Complaint Paragraph 196 and, therefore, deny the same.

## CLAIM XIII – DECLARATORY JUDGMENT THAT THE PATENT AGREEMENT IS VOID

197.     Defendants incorporate Paragraphs 1 – 196 and the Summary of Action of their Answer by reference.  Defendants lack sufficient information to admit or deny the remaining allegations set forth in Complaint Paragraph 197 and, therefore, deny the same.

198.     Defendants lack sufficient information to admit or deny the allegations set forth in Complaint Paragraph 198 and, therefore, deny the same.

199.     Defendants lack sufficient information to admit or deny the allegations set forth in Complaint Paragraph 199 and, therefore, deny the same.

200.     Defendants lack sufficient information to admit or deny the allegations set forth in Complaint Paragraph 200 and, therefore, deny the same.

## CLAIM XIV – EMPLOYMENT OF MANIPULATIVE AND DECEPTIVE DEVICES IN VIOLATION OF 15 U.S.C. § 78j AND 17 C.F.R. § 240.10b-5

201.    Defendants incorporate Paragraphs 1 – 200 and the Summary of Action of their Answer by reference.

202.    Defendants lack sufficient information to admit or deny the allegations set forth in Complaint Paragraph 202 and, therefore, deny the same.

203.    Defendants lack sufficient information to admit or deny the allegations set forth in Complaint Paragraph 203 and, therefore, deny the same.

204.    Defendants lack sufficient information to admit or deny the allegations set forth in Complaint Paragraph 204 and, therefore, deny the same.

205.    Defendants deny allegations relating to Plaintiff's claim that any of its information constitutes a trade secret.  Defendants lack sufficient information to admit or deny the remaining allegations set forth in Complaint Paragraph 205 and, therefore, deny the same.

206.    Defendants deny allegations relating to Plaintiff's claim that any of its information constitutes a trade secret.  Defendants lack sufficient information to admit or deny the remaining allegations set forth in Complaint Paragraph 206 and, therefore, deny the same.

207.    Defendants deny allegations relating to Plaintiff's claim that any of its information constitutes a trade secret.  Defendants lack sufficient information to admit or deny the remaining allegations set forth in Complaint Paragraph 207 and, therefore, deny the same.

208.    Defendants lack sufficient information to admit or deny the allegations set forth in Complaint Paragraph 208 and, therefore, deny the same.

## CLAIM XV – CONSPIRACY BETWEEN THE BAKER DEFENDANTS AND
## THE R-P DEFENDANTS

209.     Defendants incorporate Paragraphs 1 – 200 and the Summary of Action of their Answer by reference.

210.     Defendant T. Baker and J. Baker admit that T. Baker performed one consulting project for R-P Precision that did not rely upon any Diamondback trade secrets. Defendants T. Baker and J. Baker deny the remaining allegations in Complaint Paragraph 210. Defendant Kingdom lacks sufficient information to admit or deny the allegations set forth in Complaint Paragraph 210 and, therefore, denies the same.

211.     Defendants admit that the Kingdom Downhole Tool, LLC prospectus document contains the statement "we are the chief designer of the first ever one run setting tool the market has ever seen. We also have designed and approved for production the first automation system for Power Charge manufacturing," and that the "we" of Kingdom includes T. Baker and J. Baker. Defendants deny the remaining allegations in Complaint Paragraph 211.

212.     Defendants admit that the Kingdom prospectus document contains the statement "confidential, trade-secret information," and "expertise in automation of Power Charge manufacturing and perfecting the one-run tool design to make it more user friendly." Defendants deny the remaining allegations in Complaint Paragraph 212.

213.     Defendants deny the allegations in Complaint Paragraph 213.

214.     Defendants deny the allegations in Complaint Paragraph 214.

215.     Defendants deny the allegations in Complaint Paragraph 215.

216.     Defendants deny the allegations in Complaint Paragraph 216.

217.     Defendants deny the allegations in Complaint Paragraph 217.

218.     Defendants deny the allegations in Complaint Paragraph 218.

## PRAYER

Defendants deny the allegations set forth against them in the Prayer and that Plaintiff is entitled to the relief demanded in subsections a. through k. of the Prayer, including injunctive relief, actual damages, exemplary damages, disgorgement, prejudgment and post judgment interest, costs, declaration of breach, rescission of the Patent License, rescission of the Amended Patent License, attorneys' fees, as well as any other relief or damages that Plaintiff may seek through amendment of its pleadings.

## B.     AFFIRMATIVE DEFENSES

In further answer to the Complaint, and as separate and distinct affirmative defenses, Defendants allege the following defenses.  In asserting these defenses, Defendants do not assume the burden of proof on matters that are Plaintiff's burden to prove.

219.    The Complaint fails to state a claim upon which relief can be granted.

220.    Any information that Defendants may have acquired from the Plaintiff do not constitute trade secret information under 18 U.S.C. § 1836, *et seq*.

221.     Assuming that any information and material that Plaintiff gave Defendants access to, or entrusted them with, as alleged in the Complaint, is deemed to constitute trade secret information under 18 U.S.C. § 1836, *et seq*, such information was not misappropriated or otherwise unlawfully disclosed by the Defendants.

222.    Plaintiff's trade secret claims are barred by the defense of independent development because any information used by Defendants was their own or public information.

223.    Plaintiff's trade secret claims are barred because Plaintiff's failed to take proper efforts to keep the alleged trade secret information secret.

224.    Defendants' actions were and remain privileged as legitimate competition.

225.   Plaintiff's claims are barred in whole or in part by the equitable doctrines of estoppel, laches, waiver, unclean hands, and/or acquiescence.

226.   Plaintiff's claims are barred in whole or in part by the defense of release.

227.   The damages allegedly suffered by Plaintiff were not caused in fact by any conduct or act or omission of Defendants.

228.   The damages allegedly suffered by Plaintiff were not proximately caused by any conduct or act or omission of Defendants.

229.   Plaintiff has failed to exercise reasonable care and diligence to mitigate its alleged injuries and damages (if any).

230.   Plaintiff's alleged damages (if any) are speculative and impossible to ascertain.

231.   Injunctive relief is inappropriate, as Plaintiff will not suffer irreparable harm as a consequence of Defendants' alleged actions.

232.   Injunctive relief is inappropriate, as Plaintiff has an adequate legal remedy available to it to address the harm that it has purportedly suffered as a consequence of Defendants' alleged actions.

233.   Injunctive relief is inappropriate, as consideration of the public interest does not support an injunction.

234.   As a result of the allegations and claims advanced by Plaintiff in the Complaint, Defendants have been required to retain legal counsel to defend against this action. The trade secret claims advanced in the Complaint are frivolous, without legal or factual basis, and have been brought in subjective bad faith. Therefore, the relief requested is precluded and Defendants are entitled to recover their reasonable attorneys' fees, under 18 U.S.C. 1836(b)(3)(D).

235.    Defendants reserve the right to assert any other claims or defenses as may be available, or may become available, to it during the course of these proceedings.

### C.    PRAYER

WHEREFORE, Defendants Kingdom Downhole Tools, LLC, Trea H. Baker, and Justice Baker pray that (1) Plaintiff's Complaint be dismissed with prejudice; (2) Plaintiff takes nothing by virtue of its claims against Defendants; (3) the Court award Defendants their reasonable attorneys' fees and costs for defending this action; and (4) grant Defendants all other relief to which they are justly entitled.

Dated:  February 1, 2019

Respectfully submitted,

MICHAEL A. MCCABE
Texas State Bar No. 24007628
mmccabe@munckwilson.com
NICHOLE M. PLAGENS
Texas State Bar No. 24083665
nplagens@munckwilson.com
MUNCK WILSON MANDALA, LLP
600 Banner Place Tower
12770 Coit Road
Dallas, Texas 75251
Telephone:  972-628-3600
Telecopier:  972-628-3616

**ATTORNEYS FOR DEFENDANTS KINGDOM DOWNHOLE TOOLS, LLC, TREA H. BAKER, AND JUSTICE BAKER**

## CERTIFICATE OF SERVICE

I hereby certify on this 1st day of February, 2019, that a true and correct copy of the foregoing was served on all counsel of record indicated below via electronic mail pursuant to Fed. R. Civ. P. 5(b)(2)(e).

Decker A. Cammack
dcammack@whitakerchalk.com
Mack Ed. Swindle
mswindle@whitakerchalk.com
David A Skeels
dskeels@whitakerchalk.com
Briand J. Smith
bsmith@whitakerchalk.com
**WHITAKER CHALK SWINDLE & SCHWARTZ PLLC**
301 Commerce Street, Suite 3500
Fort Worth, Texas 76102

Michael A. McCabe

787331

---