IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| DIAMONDBACK INDUSTRIES, INC., | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 4:18-cv-00902-A |
| KINGDOM DOWNHOLE TOOLS, LLC; TREA H. BAKER; and JUSTICE BAKER, | § § § § | |
| Defendants. | § § | |

# DEFENDANTS' PARTIAL MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT AND BRIEF IN SUPPORT

## TABLE OF CONTENTS

I.  SUMMARY OF ARGUMENT ................................................................................. 1

II. BACKGROUND FACTS AND PROCEDURAL HISTORY ........................................ 1

III. ARGUMENTS AND AUTHORITY ........................................................................ 3

    A.    Standard for a Rule 12(b)(7) motion to dismiss – failure to join a necessary and indispensable party ........................................................................................ 3

    B.    Diamondback's patent infringement claim should be dismissed for failing to join R-P, the exclusive licensee of the '035 Patent ............................................. 5

    C.    Standard for a Rule 12(b)(6) motion to dismiss – failure to state a claim. ............. 8

    D.    Diamondback's DMCA claim must be dismissed for failure to state a claim because Diamondback does not plead a plausible violation of the DMCA ............ 9

IV. CONCLUSION ................................................................................................ 11

## TABLE OF AUTHORITIES
Page(s)

Cases

*Alfred E. Mann Found. for Sci. Research v. Cochlear Corp.*,
 604 F.3d 1354 (Fed. Cir. 2010).................................................................................5, 6, 7

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009)..............................................................................................................8

*Aspex Eyewear Inc. v. Miracle Optics, Inc.*,
 434 F.3d 1336 (Fed. Cir. 2006)........................................................................................5, 7

*Bell Atl. Corp. v. Twombly*,
 550 U.S. 544 (2007).........................................................................................................8, 10

*Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*,
 ____ U.S. ____, 139 S.Ct. 881, 203 L. Ed. 2d 147 (2019)..............................................9, 10

*Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*,
 856 F.3d 1338 (11th Cir. 2017), *aff'd* 139 S.Ct. 881, 203 L. Ed. 2d 147 (2019) .............8, 10

*Intellectual Prop. Dev., Inc., v. TCI Cablevision of Ca., Inc.*,
 248 F.3d 1333 (Fed. Cir. 2001)............................................................................................6

*In re Katrina Canal Breaches Litig.*,
 495 F.3d 191 (5th Cir. 2007) ................................................................................................3

*Hood ex. rel. Miss. v. City of Memphis, Tenn.*,
 570 F.3d 625 (5th Cir. 2009) .............................................................................................3, 4

*Nationwide Bi-Weekly Admin., Inc. v. Belo Corp.*,
 512 F.3d 137 (5th Cir. 2007) ................................................................................................8

*Point 4 Data Corp. v. Tri-State Surgical Supply & Equip, Ltd.*,
 No. 11-cv-726, 2013 WL 4409434 (E.D.N.Y. Aug. 2, 2013) ..........................................9, 10

*In re Queen's University at Kingston*,
 820 F.3d 1287 (Fed. Cir. 2016)............................................................................................4

*Thron v. Harpercollins Publishers, Inc.*,
 No. 01-cv-5437, 2002 WL 1733640 (S.D.N.Y. Jul. 26, 2002)........................................9, 10

Statutes

17 U.S.C. §§ 1202-1203 ...............................................................................................................1

17 U.S.C. § 1202(b) .................................................................................................... 9, 10

35 U.S.C. § 271, *et seq.* ..................................................................................................... 1

Copyright Act of 1976 ............................................................................................... 9, 10

Digital Millennium Copyright Act ............................................................................. *passim*

**Other Authorities**

FED. R. CIV. P. 12(b)(6) ........................................................................................ 1, 8, 9, 10

FED. R. CIV. P. 12(b)(7) ................................................................................................. 1, 3

FED. R. CIV. P. 12(d) ......................................................................................................... 3

FED. R. CIV. P. 19 ................................................................................................. 1, 3, 7, 8

FED. R. CIV. P. 19(a) ......................................................................................................... 3

FED. R. CIV. P. 19(a)(1) .................................................................................................. 4, 7

FED. R. CIV. P. 19(a)(1)(B)(i) ............................................................................................ 7

FED. R. CIV. P. 19(a)(1)(B)(ii) ........................................................................................... 8

FED. R. CIV. P. 19(b) ......................................................................................................... 4

FED. R. CIV. P. 19(C)(2) .................................................................................................... 8

Pursuant to Federal Rules of Civil Procedure 12(b)(6), 12(b)(7), and 19, Defendants Kingdom Downhole Tools, LLC ("Kingdom"), Trea H. Baker ("Trea"), and Justice Baker ("Justice") (collectively, "Defendants"), file this Partial Motion to Dismiss Plaintiff Diamondback Industries, Inc.'s ("Plaintiff" or "Diamondback") First Amended Complaint and Brief in Support (the "Partial Motion to Dismiss").

## I.
## SUMMARY OF ARGUMENT

Diamondback's First Amended Complaint asserts new claims for: (1) patent infringement under 35 U.S.C. § 271, *et seq.*; and (2) violations of the Digital Millennium Copyright Act ("DMCA") under 17 U.S.C. §§ 1202-1203 (the "Amended Complaint"). The Court should, pursuant to FED. R. CIV. P. 12(b)(6), dismiss Diamondback's claim under the DMCA, because it fails to plead facts establishing it possesses any registered copyrights—a prerequisite to filing suit. Diamondback's patent infringement claim also warrants dismissal because Diamondback has failed to join or plead the reason for not joining Repeat Precision, LLC ("R-P"), the exclusive licensee of the patent-in-suit. Diamondback's patent infringement claim is based on Defendants' alleged infringement of U.S. Patent No. 9,810,035 (the "'035 Patent") that purportedly covers Diamondback's SS10 and SS20 tools. However, Diamondback granted R-P an exclusive license to the '035 Patent; thus, R-P has a legally-protected interest in this litigation that would be impaired if it is not joined. R-P is therefore a necessary and indispensable party and failure to join them warrants dismissal pursuant to FED. R. CIV. P. 12(b)(7).

## II.
## BACKGROUND FACTS AND PROCEDURAL HISTORY

Diamondback filed this lawsuit on November 2, 2018, naming ten defendants and asserting 15 claims, only three of which were against Defendants: trade secret misappropriation,

1

violations of the Computer Fraud and Abuse Act, and civil conspiracy. Trea and Justice Baker (the "Bakers") are former employees of Diamondback and the founders of Kingdom.[1] On January 9, 2019, Diamondback voluntarily dismissed the other seven defendants from this litigation (the "Waco Defendants"), including R-P and its related defendants.[2]

On February 3, 2019, Diamondback filed in the Western District of Texas a substantially similar complaint against the Waco Defendants—minus the three claims against the Defendants—seeking, among other things, to invalidate a series of patent licenses Diamondback granted to R-P (collectively, the "'035 Patent License").[3] R-P responded by suing Diamondback for infringing the '035 Patent, and asserting that because Diamondback had exclusively licensed R-P to manufacture and sell downhole tools Diamondback was no longer permitted to manufacture and sell products that read on the '035 Patent.[4] The two lawsuits[5] were consolidated before Judge Alan D. Albright (the "Waco Litigation").

On August 26, 2019, this Court granted Plaintiff's Motion for Leave to File its First Amended Complaint.[6] Diamondback's Amended Complaint adds new claims, including ones for patent infringement and violations of the DMCA.[7] However, Diamondback's claim under the DMCA fails to allege that it has any registered copyright materials.[8] In support of its claim for violations under the DMCA, Diamondback points to an excerpt from an engineering drawing

---

[1] *See* Pl.'s First Am. Comp. 3 ¶ 10, ECF 65.

[2] Notice of Voluntary Dismissal without Prejudice, ECF 32.

[3] App. 49 – 51, 108 – 124, 126 – 129.

[4] App. 74 – 81.

[5] App. 2 – 57, 59 – 105.

[6] Aug. 26, 2019 Order, ECF 64.

[7] *See* Pl.'s First Am. Comp. 21-22 ¶¶ 65-70, 23 ¶¶ 71-75, ECF 65.

[8] *See Id.* at 8 ¶¶ 27 – 31; 23 ¶¶ 71-75.

Case 4:18-cv-00902-A   Document 69   Filed 09/06/19   Page 7 of 16   PageID 1454

containing "copyright management information."[9] On its face, it is clear that any claimed registered copyright is from 2009, yet the alleged copyrighted engineering drawing was not created until October 5, 2015.[10] As for patent infringement, Diamondback failed to join R-P, a necessary and indispensable party with a protectable interest in the '035 Patent due to its exclusive licensee status. The Court should dismiss both the DMCA and patent infringement claims.

## III.
## ARGUMENTS AND AUTHORITY

A.  **Standard for a Rule 12(b)(7) motion to dismiss — failure to join a necessary and indispensable party.**

Federal Rule of Civil Procedure 12(b)(7) allows a court to dismiss a cause of action for failure to join a necessary and indispensable party under Rule 19.[11] In a Rule 12(b)(7) motion to dismiss, the court may consider matters outside the pleadings without converting the motion to one for summary judgement.[12] The court employs a two-part inquiry when resolving a motion to dismiss for failure to join a necessary and indispensable party.[13] The court first looks to Rule 19(a) and determines whether the party should be added:

---

[9] Pl.'s First Am. Comp. 8 ¶ 30, ECF 65.

[10] *See id.* (*compare* "Copyright Notice...COPYRIGHT DIAMONDBACK INDUSTRIES INC. 2009" *with* "Author, James L. Carr...DRAWN...DATE 10/05/15").

[11] FED. R. CIV. P. 12(b)(7); FED. R. CIV. P. 19.

[12] *See* FED. R. CIV. P. 12(d). Throughout the Rule 12(b)(7) arguments of this Motion, Defendants refer to matters that are outside of the pleadings, such as: (i) the '035 Patent License which is central to Diamondback's patent infringement claim and referenced by the Complaint when it mentions the Waco Litigation, and (ii) materials that are part of the public record because they have been filed in the Waco Litigation. These materials are offered only in support of the Rule 12(b)(7) motion and are properly considered by the Court without converting the 12(b)(6) to a motion for summary judgment. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (considering materials that were attached to the motion to dismiss, referred to in the complaint, and central to plaintiff's claims and not converting motion to one for summary judgment).

[13] *Hood ex. rel. Miss. v. City of Memphis, Tenn.*, 570 F.3d 625, 628 (5th Cir. 2009).

3

(a) Persons Required to Be Joined if Feasible:

(1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:

(A) in that person's absence, the court cannot accord complete relief among existing parties; or

(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

(i) as a practical matter impair or impede the person's ability protect the interest; or

(ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.[14]

If, after performing an analysis of Rule 19(a)(1) the court determines that a party is necessary, then it is required to determine whether the party is "indispensable, that is, whether litigation can be properly pursued without the absent party."[15] The court considers the factors in Rule 19(b) in determining whether the action should be allowed to proceed.[16] The movant bears the initial burden of demonstrating that an absent entity is a required party. If an initial appraisal of the facts demonstrates it is, then the burden shifts to the party opposing joinder to argue that the party should not be joined.[17] In the context of a patent infringement case—including necessary joinder—Federal Circuit law is controlling.[18]

---

[14] FED. R. CIV. P. 19(a)(1).

[15] *Hood ex. rel. Miss.*, 570 F.3d at 629.

[16] FED. R. CIV. P. 19(b).

[17]*Hood ex. rel. Miss.*, 570 F.3d at 628.

[18] *See, e.g., In re Queen's University at Kingston*, 820 F.3d 1287, 1290-91 (Fed. Cir. 2016).

4

B.  **Diamondback's patent infringement claim should be dismissed for failing to join R-P, the exclusive licensee of the '035 Patent.**

Diamondback should have joined R-P in this matter because it is the exclusive licensee of the '035 Patent.[19] As set forth in the '035 Patent License, Diamondback:

- grants R-P "an exclusive right and license under the Licensed Patents to make, have made, use, offer to sell, sell, import or export Licensed Products in the Territory," which means, "the United States, Canada, Mexico, Argentina, China, Russia, and any other territory that may be agreed upon in writing by Licensor and Licensee from time to time;[20]

- agrees that the term of the '035 License will remain in force "until the expiration of the last Valid Claim to expire of the Licensed Patents covering such Licensed Products...";[21]

- warrants that "it has not granted and will not grant any licenses or other contingent or non-contingent right, title, or interest under or relating to Licensed Patents, and is not or will not be under any obligation, that does or will conflict with or otherwise affect this Agreement, including any of Licensor's representations, warranties, or obligations, or Licensee's rights or licenses hereunder";[22]

- grants R-P a right to bring suit under certain circumstances;[23] and

---

[19] *See Alfred E. Mann Found. for Sci. Research v. Cochlear Corp.*, 604 F.3d 1354, 1360-1361 (Fed. Cir. 2010); *see also Aspex Eyewear Inc. v. Miracle Optics, Inc.*, 434 F.3d 1336, 1344 (Fed. Cir. 2006) (stating that "[f]or the same policy that a patentee must be joined in any lawsuit involving his or her patent, there must be joinder of any exclusive licensee" and remanding for district court to determine whether licensee is a necessary party).

[20] App. 110; *see also Mann*, 604 F.3d at 1360 (finding an exclusive license when license grant stated "AMF hereby grants to AB an exclusive...worldwide license...to make, use, lease, offer to lease, sell, offer to sell and otherwise commercially exploit products and perform services.").

[21] App. 117; *see Aspex Eyewear Inc.*, 434 F.3d at 1343 (finding that having sole and exclusive rights in the remainder of a patent term is a factor weighing in favor of finding a transfer of all substantial rights).

[22] App. 115 (warranting that there are and will be no other licenses granted supports the exclusivity of the license); *cf. Mann*, 604 F.3d at 1360.

[23] App. 113; *see also Mann*, 604 F.3d at 1361 (noting that the exclusive licensee's right to bring suit, together with the nature and scope of any right to bring suit retained by the licensor to frequently be the most important consideration in determining status of license).

5

- grants R-P the right to "freely assign or otherwise transfer all or any of its rights, or delegate or otherwise transfer all or any of its obligations or performance, under [the '035 Patent License] without [Diamondback's] consent."[24]

In *Alfred E. Mann Foundation for Scientific Research v. Cochlear Corporation*, the Federal Circuit addressed whether an exclusive licensee was a necessary party to litigation brought by the licensor.[25] Alfred E. Mann Foundation for Scientific Research ("AMF") originally brought suit for patent infringement against Cochlear Corporation and Cochlear Ltd. (collectively, "Cochlear").[26] The district court originally dismissed the case finding that AMF lacked standing to sue because AMF previously granted an exclusive license to Advanced Bionics ("AB") in the patents it was accusing Cochlear of infringing.[27] In dismissing for lack of standing, the district court held that the exclusive license was a virtual assignment of the patents-in-suit to AB, giving AB the sole right to sue for patent infringement.[28] AMF appealed.[29]

The Federal Circuit evaluated the license agreement and found that while AMF had granted an exclusive license to AB, it had not made a virtual assignment because AMF retained the right to sue.[30] In so finding, the Federal Circuit noted that if a patent holder enters an exclusive license agreement that gives the licensee the exclusive right to make, have made, use, offer to sell, sell, or

---

[24] App. 121, 126 – 127; *see also Id.* Ex. 6, 1-2 § 13.10; *cf. Intellectual Prop. Dev., Inc., v. TCI Cablevision of Ca., Inc.*, 248 F.3d 1333, 1342-43 (Fed. Cir. 2001) (noting that limitations on licensee's right to assign its benefits weighs in favor of finding that fewer than all substantial rights under the patent were transferred).

[25] *Mann*, 604 F.3d 1354 (appeal from dismissal of lack of standing of licensor when licensor granted an exclusive license in its patent to a third-party and remanding for district court to determine if licensee was a necessary party).

[26] *Id.* at 1357.

[27] *Id.*

[28] *Id.* at 1357.

[29] *Id.* at 1358.

[30] *See id.* at 1363.

6

import, licensed products—but does not make the licensee the owner of the patent—the licensor and the licensee must both be parties to any litigation brought to enforce the patent.[31] AMF's retention of the right to sue was critical to the Federal Court's finding that AMF had standing to sue, but based on the other rights AMF granted to AB, the Federal Circuit instructed the district court on remand to determine whether AB was an indispensable party under Federal Rule of Civil Procedure 19.[32] The district court ultimately added AB as a party to the litigation.[33]

Like in *Mann*, Diamondback granted an exclusive license of the '035 Patent to R-P but retained a right to sue.[34] Therefore, while Diamondback has standing to sue, R-P has a protectable interest in the '035 Patent and is a necessary party to any lawsuit regarding infringement of the '035 Patent.[35] As further evidence of its status as a required and necessary party: (1) R-P is subject to service or process;[36] (2) R-P's joinder will not deprive the court of subject matter jurisdiction;[37] (3) R-P has a claimed interest in the '035 Patent and any determination of the scope of its claims and possible infringement;[38] and (4) failing to join R-P would subject Defendants to the risk of

---

[31] *See id.* at 1360 (remanding for district court to determine if licensee is a necessary party); *see also Aspex Eyewear Inc. v. Miracle Optics, Inc.*, 434 F.3d 1336, 1344 (Fed. Cir. 2006) (stating that "[f]or the same policy that a patentee must be joined in any lawsuit involving his or her patent, there must be joinder of any exclusive licensee" and remanding for district court to determine whether licensee is a necessary party).

[32] *Id.* at 1362-63.

[33] *See* App. 132.

[34] *See* App 110, 113; 115, 117, 121, 126 – 127.

[35] *See Mann*, 604 F.3d at 1362-63.

[36] *See* FED. R. CIV. P. 19(a)(1).

[37] *See id.*

[38] FED. R. CIV. P. 19(a)(1)(B)(i).

being subject to multiple patent infringement lawsuits because R-P also retains a right to sue under the '035 Patent License.[39]

Diamondback's Amended Complaint does not attempt to join R-P as a party to this litigation and it does not offer an explanation as to why R-P is not being added.[40] Therefore, Diamondback has failed to join a necessary party, and the Court should dismiss Diamondback's patent infringement claim because R-P is not joined.[41]

C. **Standard for a Rule 12(b)(6) motion to dismiss – failure to state a claim.**

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss a cause of action if the plaintiff fails "to state a claim upon which relief can be granted."[42] Although a complaint need not contain "detailed factual allegations," it must include facts sufficient to establish the plausibility of the claims asserted, raising the "right to relief above the speculative level."[43] A complaint that does no more than provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" should be dismissed under Rule 12(b)(6).[44] Where a cause of action requires a plaintiff to establish it met a prerequisite to filing suit and the plaintiff fails to plead facts making such a showing, a court may properly dismiss the claim under Rule 12(b)(6).[45]

---

[39] FED. R. CIV. P. 19(a)(1)(B)(ii).

[40] *See* FED. R. CIV. P. 19(C)(2) (A party seeking relief and arguing for nonjoinder must state the reasons for not joining the party.).

[41] *See* FED. R. CIV. P. 19.

[42] FED. R. CIV. P. 12(b)(6).

[43] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545, 555 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (a complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"); *Nationwide Bi-Weekly Admin., Inc. v. Belo Corp.*, 512 F.3d 137, 140 (5th Cir. 2007) ("Dismissal under Rule 12(b)(6) is appropriate when the plaintiff has failed to allege 'enough facts to state a claim to relief that is plausible on its face[.]'") (quoting *Twombly*, 550 U.S. at 547)).

[44] *Twombly*, 550 U.S. at 555.

[45] *See Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*, 856 F.3d 1338, 1339-1342 (11th

D.   **Diamondback's DMCA claim must be dismissed for failure to state a claim because Diamondback does not plead a plausible violation of the DMCA.**

Diamondback's DMCA claim must be dismissed because Diamondback fails to plead that it possesses any registered copyrights—a prerequisite to bringing a copyright infringement suit.[46] The recent Supreme Court holding in *Fourth Estate Public Benefit Corp. v. Wall-Street.com, LLC*, clarified that registration of a copyright is an administrative exhaustion prerequisite to suit relating to copyright infringement.[47] While no court within the Fifth Circuit has addressed this issue, the Supreme Court's holding supports the conclusion that copyright registration is a prerequisite to any suit relating to copyright infringement, including violations of the DMCA.[48] The DMCA provides protection only for works that are protected under the Copyright Act and requires a showing that a defendant's actions "will induce, enable, facilitate, or conceal an *infringement* of any" copyright.[49] It is undisputed that registration is a prerequisite to any suit for copyright

---

Cir. 2017), *aff'd* 139 S.Ct. 881, 203 L. Ed. 2d 147 (2019) (affirming dismissal under Rule 12(b)(6) when plaintiff failed to establish non-jurisdictional prerequisite to filing suit for a copyright infringement action).

[46] *See Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*, ___ U.S. ___, 139 S.Ct. 881, 890-91, 203 L. Ed. 2d 147 (2019) (finding that "Congress has maintained registration as prerequisite to suit").

[47] *Fourth Estate Pub. Benefit Corp.*, 139 S.Ct. at 887, 890-92 (holding registration has been made when the "Register has registered a copyright after examining a properly filed application" and affirming Rule 12(b)(6) dismissal for failure to establish prerequisite to suit).

[48] *Id.* at 890-91 (performing detailed analysis of Congressional history requiring registration stating that "[t]ime and again, then, Congress has maintained registration as a prerequisite to suit, and have rejected proposals that would have eliminated registration…"); *see also Thron v. Harpercollins Publishers, Inc.*, No. 01-cv-5437, 2002 WL 1733640, at *1 (S.D.N.Y. Jul. 26, 2002) (holding that "since *copyright registration was invalid*, the information relating thereto did not constitute 'copyright management information' as defined in [the DMCA]") (emphasis added).

[49] *See* 17 U.S.C. § 1202(b) (emphasis added); *see, e.g., Point 4 Data Corp. v. Tri-State Surgical Supply & Equip, Ltd.*, No. 11-cv-726, 2013 WL 4409434, at *17 (E.D.N.Y. Aug. 2, 2013) (noting the DMCA only provides protection to works "*protected under this title*") (emphasis in original).

*infringement*.[50] In light of these holdings, this Court should find that a registered copyright is a prerequisite to suit under the DMCA.[51]

Here, Diamondback does not allege that the engineering drawing is covered by a registered copyright.[52] The only reference to a copyright—registered or otherwise—is an excerpt from a scanned engineering drawing showing the alleged "copyright management information."[53] The "copyright management information" ("CMI"), claims a registered copyright date of 2009.[54] However, the same CMI establishes that the engineering drawing was not created until October 5, 2015.[55] Assuming all facts as true, the Diamondback work created in 2015 could not have been registered in 2009.[56] Diamondback fails to plead facts that it has satisfied the administrative prerequisite to bring a lawsuit relating to copyright infringement—including violations of Section 1202(b) of the DMCA—and the Court should dismiss the claim for failing to state a claim for relief against Defendants.[57]

---

[50] *Fourth Estate Pub. Benefit Corp.*, 139 S.Ct. at 890-91 (emphasis added).

[51] *See Fourth Estate Pub. Benefit Corp.*, 139 S.Ct. at 890-92; *Thron*, 2002 WL 1733640, at *1; *Point 4 Data Corp.*, 2013 WL 4409434, at *17.

[52] Pl.'s First Am. Comp. 8 – 9 ¶¶ 27, 29 – 31; 23 ¶¶ 71 – 73, ECF 65.

[53] *Id.* at 8 ¶ 30.

[54] *Id.*

[55] *See id.* (*compare* "Copyright Notice...COPYRIGHT DIAMONDBACK INDUSTRIES INC. 2009" *with* "Author, James L. Carr...DRAWN...DATE 10/05/15").

[56] *See Twombly*, 550 U.S. at 589; *see also Fourth Estate Pub. Benefit Corp.*, 139 S.Ct. at 887 (noting that under the Copyright Act of 1976, copyright protection attaches at the time of creation of the work, but registration is required in order to sue for infringement).

[57] *See Fourth Estate Pub. Benefit Corp.*, 139 S.Ct. at 890-92; *see also Fourth Estate Pub. Benefit Corp.*, 856 F.3d at 1339-1342 (affirming dismissal under Rule 12(b)(6) where non-jurisdictional prerequisite to filing suit was not established).

## IV.
## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court: (1) grant their Partial Motion to Dismiss in its entirety; (2) dismiss Diamondback's claim for patent infringement without prejudice; (3) dismiss Diamondback's claim for violations of the DMCA with prejudice; and (4) grant Defendants all such relief, at law or in equity, to which they may be justly entitled.

Date: September 6, 2019

Respectfully submitted,

By: _____
Michael A. McCabe
mmcabe@munckwilson.com
State Bar No. 24007628
Kelly P. Chen
kchen@munckwilson.com
State Bar No. 24062664
Nichole M. Plagens
nplagens@munckwilson.com
State Bar No. 24083665
MUNCK WILSON MANDALA, LLP
600 Banner Place Tower
12770 Coit Road
Dallas, Texas 75251
(972) 628-3600
(972) 628-3616 (*facsimile*)

ATTORNEYS FOR DEFENDANTS KINGDOM DOWNHOLE TOOLS, LLC, TREA H. BAKER, AND JUSTICE BAKER

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing document was served via electronic transmission, in accordance with the Federal Rules of Civil Procedure, on all parties of record on this 6th day of September, 2019.

_____
Michael A. McCabe

811869

12