ORIGINAL

CLERK OF DISTRICT COURT
NORTHERN DIST. OF TX
FORT WORTH DIVISION
FILED

2019 OCT 11  PM 2: 02

DEPUTY CLERK _____
                    CTJ

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **DIAMONDBACK INDUSTRIES, INC.,** | § § § | |
| **Plaintiff,** | § § | |
| | § | **Civil Action No. 4:18-cv-00902-A** |
| v. | § § | |
| **KINGDOM DOWNHOLE TOOLS, LLC;  TREA H. BAKER; and JUSTICE BAKER,** | § § § | |
| | § § | |
| **Defendants.** | § | |

---

## DEFENDANTS' REPLY IN SUPPORT OF THEIR PARTIAL MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT AND BRIEF IN SUPPORT

---

# I.
## INTRODUCTION

Diamondback's Response to Defendants' Partial Motion to Dismiss Plaintiff's First Amended Complaint (the "Response") fails to address Defendants' argument that Repeat Precision ("RP") has a legally protected interest in this litigation that would be impaired if it is not joined, making it a necessary party. Furthermore, Diamondback cannot (and does not) establish that Defendants do not face "incurring double, multiple, or otherwise inconsistent obligations" because of RP's interests in U.S. Patent No. 9,810,035 (the "'035 Patent"). Diamondback instead needlessly focuses on trying to convince the Court to re-interpret the license agreement between Diamondback and RP (the "'035 Patent License") because it does not like Judge Albright's order from related litigation in the Western District of Texas (the "Waco Suit") that potentially subjects Diamondback to liability for infringing the '035 Patent.

With respect to Diamondback's claim for violations of the Digital Millennium Copyright Act ("DMCA") under 17 U.S.C. §§ 1202-1203, Diamondback must prove that Defendants' actions "will induce, enable, facilitate, or conceal an *infringement* of any right under this title." The Supreme Court's recent holding makes clear that registration is an administrative prerequisite to bringing suit for copyright infringement. Because Diamondback admits that it does not possess any registered copyrights, the Court should dismiss the DMCA claim pursuant to FED. R. CIV. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

# II.
## ARGUMENTS AND AUTHORITY

**A.  The Court should dismiss Diamondback's patent infringement claim under Rule 12(b)(7) because Diamondback has failed to join RP as a necessary party.**

Diamondback incorrectly claims that Defendants only argued for joinder under Rule

1

19(a)(1)(B)(ii).[1] In fact, Defendants established that RP is a necessary and indispensable party under both Rule 19(a)(1)(B)(i) and 19(a)(1)(B)(ii) because: (1) RP is the exclusive licensee to the '035 Patent, and "as a practical matter" its ability to protect its interests in the '035 Patent would be impaired or impeded by not joining this litigation;[2] and (2) Defendants would be "subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because" of RP's interest in the '035 Patent unless it is joined.[3]

**1.**      **Pursuant to Rule 19(a)(1)(B)(i), RP is a necessary and indispensable party because failure to join RP will impair or impede RP's ability to protect its interests.**

Because RP is the exclusive licensee of the '035 Patent, it undeniably possesses interests in the patent.[4] Failure to join RP will, therefore, "as a practical matter impair or impede [RP's] ability to protect" its interests in the patent.[5] Diamondback devotes significant energy arguing that Diamondback retained substantial rights in the '035 Patent and "did not grant to RP the right to

---

[1] *See* Pl.'s Resp. to Defs.' Partial Mot. to Dismiss Pl.'s First Am. Comp. 14, ECF 74.

[2] *See* Defs.' Partial Mot. to Dismiss Pl.'s First Am. Comp. 6 - 7, ECF 69 (citing FED. R. CIV. P. 19(a)(1)(B)(i) at FN 38).

[3] *See id.* at 8 (citing FED. R. CIV. P. 19(a)(1)(B)(ii) at FN 39).

[4] *See Alfred E. Mann Found. for Sci. Research v. Cochlear Corp.*, 604 F.3d 1354, 1360-1361 (Fed. Cir. 2010); *Aspex Eyewear Inc. v. Miracle Optics, Inc.*, 434 F.3d 1336, 1344 (Fed. Cir. 2006) (stating that "[f]or the same policy that a patentee must be joined in any lawsuit involving his or her patent, there must be joinder of any exclusive licensee" and remanding for district court to determine whether licensee is a necessary party); *see also Personalized Media Commc'ns, LLC. v. Echostar Corp.*, 2:08-CV-70-RSP, 2012 WL 8251515, at *3 (E.D. Tex. July 10, 2012) (noting that the scope and meaning of license agreement may be at issue and ordering joinder of exclusive licensee because a ruling on the patent "'may as a practical matter impair' [the exclusive licensee's] ability to protect its interest...").

[5] *See* FED. R. CIV. P. 19(a)(1); *see also Waterman v. Mackenzie*, 138 U.S. 252, 255 (1891) ("Any rights of the licensee must be enforced through or in the name of the owner of the patent, and perhaps, *if necessary to protect the rights of all parties, joining the licensee with him as a plaintiff*.") (emphasis added); *Personalized Media Commc'ns, LLC.*, 2012 WL 8251515, at *3.

exclude Diamondback, as the patent owner, from making or selling its patented tools."[6] However, whether Diamondback (i) retained substantial rights in the patent, (ii) has the right to practice the '035 Patent, or (iii) has standing to sue for patent infringement are all irrelevant to the question of whether RP has a protectible interest in the '035 Patent that will be impaired or impeded if it is not joined in this litigation.[7] Courts routinely hold that even when a patentee like Diamondback retains substantial rights in a patent, it is still necessary for the patentee to join the exclusive licensee because of the interest the exclusive licensee holds in the patent.[8]

Diamondback argues on the one hand that this lawsuit protects RP's interest in the '035 Patent, but then argues on the other hand—without RP's input—that this Court should upend Judge Albright's holding that RP, as the exclusive licensee, has standing to sue Diamondback for infringing the '035 Patent.[9] Diamondback's position in this lawsuit conclusively establishes that RP has significant interests in the '035 Patent and that RP can protect all of its interests only if it

---

[6] Pl.'s Resp. to Defs.' Partial Mot. to Dismiss Pl.'s First Am. Comp. 7, ECF 74. In making its argument, Diamondback relies upon the expert report of Bryan Garner. However, the Court in the Waco Litigation struck Bryan Garner's expert report contained in Diamondback's appendix at App. 54 – 60. *See* Defs.' App. in Support of Defs.'Notice of Suppl. Authority, App. 002, FN 1, ECF 72 ("Throughout Diamondback's briefing, it relies on the opinions of Mr. Bryan Garner. The Court previously struck his expert report and opinions.").

[7] *See Mann*, 604 F.3d at 1362-63 (deciding that patent licensor had standing to sue and did not transfer all substantial rights in the patent, but still remanding for a determination of whether exclusive licensee must be joined as a necessary party); *Aspex Eyewear Inc.*, 434 F.3d at 1344 (determining that patent owner had standing and did not transfer all substantial rights but remanding for determination of whether licensees were necessary parties); *Personalized Media Commc'ns, LLC.*, 2012 WL 8251515, at *3 - *4 (finding that assignee of patents had standing to sue when there was no transfer of "all substantial rights" to exclusive licensee, but still requiring joinder of exclusive licensee due to its interest in the patent).

[8] *See id.*

[9] *Compare* Pl.'s Resp. to Defs.' Partial Mot. to Dismiss Pl.'s First Am. Comp. 2-3, ECF 74, *with* Pl.'s Resp. to Defs.' Partial Mot. to Dismiss Pl.'s First Am. Comp. 14 - 19, ECF 74.

is joined in this litigation.[10] Diamondback's attack in this lawsuit on RP's interest in the '035 Patent makes clear that Diamondback is not acting to protect RP's interests in the '035 Patent.[11] Because RP's interests will not be protected without joinder, the Court should dismiss Diamondback's patent infringement claim.[12]

**2.    Pursuant to Rule 19(a)(1)(B)(ii) RP is a necessary and indispensable party because failure to join RP would subject Defendants to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations.**

In Diamondback's own words, "RP has the right to exclude third parties, *including Kingdom*, from selling patented setting tools, because in the absence of a license from the patent owner, such sales would infringe the '035 Patent."[13] Based on its right to sue alleged infringers like Defendants, RP could sue Defendants in the future.[14] Thus, RP is a necessary and indispensable party because failure to join RP will subject Defendants[15] to a substantial risk of

---

[10]*See Mann*, 604 F.3d at 1362-63; *Aspex Eyewear Inc.*, 434 F.3d at 1344; *Personalized Media Commc'ns, LLC.*, 2012 WL 8251515, at *3 - *4.

[11] *See Salt River Project Agric. Imprv. & Power Dist. v. Lee*, 672 F.3d 1176, 1180 (9th Cir. 2012) ("[Courts] consider three factors in determining whether an existing party adequately represents the interests of an absent party: (1) 'whether the interests of a present party to the suit are such that it will undoubtedly make all of the absent party's arguments'; (2) 'whether the party is capable of and willing to make such arguments'; and (3) 'whether the absent party would offer any necessary element to the proceedings that the present parties would neglect'); *see also* Pl.'s Response to Defs.' Partial Mot. to Dismiss Pl.'s First Am. Comp. 3, ECF 74 (Diamondback admits that "RP and Diamondback do *not* agree about the scope of RP's 'exclusive' rights" and that it is seeking to void or terminate the '035 Patent License).

[12] *See* FED. R. CIV. P. 12(b)(7); FED. R. CIV. P. 19.

[13] Pl.'s Response to Defs.' Partial Mot. to Dismiss Pl.'s First Am. Comp. 3, ECF 74 (emphasis added).

[14] *See id.*; *see also* Defs.' App. in Supp. of Defs.' Partial Mot. to Dismiss Pl.'s First Am. Comp. App. 113, ECF 70.

[15] Diamondback's request for this Court to interpret the '035 Patent License also suggests that failing to join RP in this litigation and allowing it to argue for its rights under the '035 Patent License would likely subject **Diamondback** to inconsistent obligations under the '035 Patent License, *i.e.*, if this Court holds differently than Judge Albright's order. This is further support for

incurring double, multiple, or otherwise inconsistent obligations.[16]

Diamondback counters this point by asserting that it has sued Defendants for allegedly infringing the '035 Patent and therefore RP's right to sue Defendants will never occur.[17] However, a claim for patent infringement occurs each time an allegedly infringing product is made, used, offered for sale, or sold.[18] Simply because Diamondback has sued in this instance does not guarantee that RP would not sue Defendants for allegedly infringing the '035 Patent in the future if this case is not concluded to its satisfaction.[19] Once Diamondback were to settle with Defendants, it seems that RP's right to sue would no longer be a possibility or hypothetical, but a vested right.[20] Finally, Diamondback claims that it may control settlement of this dispute.[21] Contrary to this assertion, it appears that to settle this litigation necessitates the participation of both Diamondback and RP because Diamondback cannot even grant a license to the '035 Patent without RP's authorization.[22] The likelihood of future lawsuits for infringement of the '035 Patent by RP against

---

finding that RP should be joined because subjecting Diamondback to inconsistent obligations as "an existing party" also necessitates joinder. *See* FED. R. CIV. P. 19(a)(1)(B)(ii) (a party "must be joined as a party if…disposing of the action in the person's absence may…leave *an existing party* subject to a substantial risk of incurring…otherwise inconsistent obligations because of the interest") (emphasis added).

[16] *See* FED. R. CIV. P. 19(a)(1)(B)(ii).

[17] Pl.'s Response to Defs.' Partial Mot. to Dismiss Pl.'s First Am. Comp. 2, ECF 74.

[18] 35 U.S.C. 271(a).

[19] *See* Pl.'s Response to Defs.' Partial Mot. to Dismiss Pl.'s First Am. Comp. 3, ECF 74; Defs.' Partial Mot. to Dismiss Pl.'s First Am. Comp. App. 113, ECF 70 ; *see also Waterman v. Mackenzie*, 138 U.S. 252, 255 (1891) (where "the exclusive right to make, use, and vend the invention throughout the United States" is granted, the assignee may sue in its own name).

[20]Defs.' App. in Supp. of Defs.' Partial Mot. to Dismiss Pl.'s First Am. Comp. App. 113, ECF 70 ("If Licensor elects not to bring…suit…within one month…then Licensee may bring such suit…").

[21] Pl.'s Response to Defs.' Partial Mot. to Dismiss Pl.'s First Am. Comp. 1, ECF 74.

[22] Defs.' App. in Supp. of Defs.' Partial Mot. to Dismiss Pl.'s First Am. Comp. App. 115, 126,

Defendants is substantial, and Diamondback's suit must be dismissed unless RP is joined as a necessary party.[23]

**B.    Diamondback's DMCA claim must be dismissed for failure to state a claim because Diamondback does not plead a plausible violation of the DMCA when it admits it does not have any registered copyrights.**

Diamondback's DMCA claim must be dismissed because Diamondback: (1) admits that it does not possess any registered copyrights;[24] and (2) fails to address the Supreme Court's recent opinion making clear that copyright registration is a necessary administrative prerequisite that must be exhausted prior to filing suit for infringement.[25]

Defendants and Diamondback agree that the DMCA is a part of the larger Copyright Act and that it is necessary to look to other provisions within the Copyright Act to give full effect to the protections offered by the DMCA.[26] Failure to mention a term in the DMCA does not mean that it is not subject to a requirement found elsewhere in the Copyright Act. For example, the DMCA does not contain a statute of limitations, but courts do not interpret that to mean that the DMCA is not subject to a statute of limitations. Instead, courts apply Section 507(b) of the

---

ECF 70 (In Section 9.2(e) of the '035 Patent License, Diamondback warrants that it "will not grant any licenses or other contingent or noncontingent right, title, or interest under or relating to [the '035 Patent]", and in the amended Section 13.10, Diamondback agrees to be contractually bound to not assign or otherwise transfer any rights under the license agreement "without prior consent of [RP]").

[23] *See* FED. R. CIV. P. 19(a)(1)(B)(i).

[24] Pl.'s Response to Defs.' Partial Mot. to Dismiss Pl.'s First Am. Comp. 12, ECF 74.

[25] *See id.* at 8 – 13.

[26] *See id.* at 8-10; *see, e.g., Sims v. Viacom, Inc.*, No. 2:11-cv-0675, 2012 WL 280609, at *4 (W.D. Pa. Jan. 31, 2012) (citing to 17 U.S.C. § 507(b) when holding that plaintiff's claims under the DMCA were barred by the three-year statute of limitations for copyright infringement).

Copyright Act and hold that claims for violations of the DMCA must be brought within three-years.[27]

Diamondback would have this Court pick and choose which provisions of the Copyright Act apply to DMCA claims. For example, Diamondback asks the Court to look to Sections 102 and 106 to establish that Diamondback is the owner of a copyrighted work, *i.e.*, the engineering drawings that are the subject of the DMCA action,[28] but then asks the Court to ignore the registration requirement found in section 411(a).[29] Section 411(a) provides that "no civil action for *infringement of the copyright*...shall be instituted until...registration of the copyright claim has been made...".[30] Diamondback's DMCA claim is a civil action for *copyright infringement* to the extent that it seeks to enforce alleged ownerships rights in engineering drawings, as evidenced by Section 1202(b)'s requirement that Diamondback prove that Defendants' actions "will induce, enable, facilitate, or conceal an *infringement* of any right under this title."[31] Because a plain reading of Section 1202(b) makes clear that a DMCA claim is a civil action for infringement, it need not reiterate the registration requirement of Section 411; its silence on the matter does not establish that registration is not required prior to filing a civil suit.[32]

The Court should also not be persuaded that registration is not required by the cases cited

---

[27] *Sims*, 2012 WL 280609, at *4.

[28] Contrary to Diamondback's claim, by not moving to dismiss on the grounds that the engineering drawings are not copyrighted works, Defendants are not admitting or conceding that the engineering drawings are in fact copyrighted works, and Defendants reserve the right to challenge the existence of a copyrighted work.

[29] *See* Pl.'s Response to Defs.' Partial Mot. to Dismiss Pl.'s First Am. Comp. 8-10, ECF 74.

[30] 17 U.S.C. § 411(a) (emphasis added).

[31] 17 U.S.C. § 1202(b) (emphasis added).

[32] *See id.*

by Diamondback. All of the cases relied upon by Diamondback are not binding on this Court and pre-date the Supreme Court's recent holding in *Fourth Estate Public Benefit Corp. v. Wall-Street.com, LLC*, which states that registration under the Copyright Act is "akin to an administrative exhaustion requirement that the owner ***must satisfy before suing to enforce ownership rights***."[33] Diamondback admits that this lawsuit is for the purpose of enforcing its purported ownership interests, and, therefore, registration is required.[34]

Diamondback concedes that one case, *Thron v. HarperCollins Publishers, Inc.*, has held that registration is required to bring a DMCA claim, but then attempts to distinguish that holding on the basis that in *Thron*, the removed information related to an invalid registration and could not, therefore, constitute "copyright management information."[35] But those are remarkably similar to the facts in this case. The copyright management information allegedly removed by Defendants (i) has never been registered; and (ii) presumably could never lawfully be registered because it incorrectly identifies a registration date of 2009 for an engineering drawing that was not created until 2015.

Additionally, Diamondback fails to acknowledge *Sims v. Viacom, Inc.*, which held that the

---

[33] *Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*, ____ U.S. ____, 139 S.Ct. 881, 888, 203 L. Ed. 2d 147 (2019); *see also Ballew v. Continental Airlines, Inc.*, 668 F.3d 777, 782 ("courts of appeals must follow the Supreme Court's directly controlling precedent even if it 'appears to rest on reasons rejected in some other line of decisions"); *Pearson v. Holder*, No. 3:09-CV-00682-O, 2011 WL 13185719, at *6 (N.D. Tex. Apr. 29, 2011), *aff'd*, 470 F. App'x 305 (5th Cir. 2012) ("Under the doctrine of *stare decisis*, a district court is bound by the decisions of its jurisdiction's appellate court."); *Sw. Bell Tel., L.P. v. Arthur Collins, Inc.*, No. 3:04-cv-0669-B, 2005 WL 6225305, at *5 (N.D. Tex. Oct. 14, 2005) (misquoted but relied upon by Diamondback for the principal that "[i]n general, federal district courts do not follow precedents of other district courts, including those in the same district.").

[34] Pl.'s Response to Defs.' Partial Mot. to Dismiss Pl.'s First Am. Comp. 1, 11 - 12, ECF 74.

[35] *See id.* at 11 - 12.

plaintiff's claim under the DMCA was not barred by *res judicata* because the plaintiff could not have brought a DMCA claim at the time of a previous lawsuit due to its failure to register his alleged copyright-protected work.[36] Based on *Sims*, registration is a prerequisite to a civil action for infringement under the DMCA.[37]

## III.
## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court: (1) grant their Partial Motion to Dismiss in its entirety; (2) dismiss Diamondback's claim for patent infringement; (3) dismiss Diamondback's claim for violations of the DMCA with prejudice; and (4) grant Defendants all such relief, at law or in equity, to which they may be justly entitled.

---

[36] *See Sims*, 2012 WL 280609, at *4 ("17 U.S.C. § 411(a) imposes a mandatory precondition that a copyright must be registered with the Copyright Office before a copyright infringement claim is filed...Sims had not registered his [allegedly copyright protected work]" at the time the first lawsuit was filed and "[a]ccordingly, Sims could not have raised a copyright infringement claim or *alleged DMCA violations*.") (emphasis added).

[37] *See id.*

Date: October 11, 2019

Respectfully submitted,

By: _____

**Michael A. McCabe**
mmcabe@munckwilson.com
State Bar No. 24007628
**Kelly P. Chen**
kchen@munckwilson.com
State Bar No. 24062664
**Nichole M. Plagens**
nplagens@munckwilson.com
State Bar No. 24083665
**MUNCK WILSON MANDALA, LLP**
600 Banner Place Tower
12770 Coit Road
Dallas, Texas 75251
(972) 628-3600
(972) 628-3616 (*facsimile*)

**ATTORNEYS FOR DEFENDANTS KINGDOM DOWNHOLE TOOLS, LLC, TREA H. BAKER, AND JUSTICE BAKER**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing document was served via electronic transmission, in accordance with the Federal Rules of Civil Procedure, on all parties of record on this 11th day of October, 2019.

_____
**Michael A. McCabe**

815224