

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| DIAMONDBACK INDUSTRIES, INC., | § | |
| Plaintiff, | § | |
| VS. | § | NO. 4:18-CV-902-A |
| REPEAT PRECISION, LLC, ET AL., | § | |
| Defendants. | § | |

MEMORANDUM OPINION & ORDER

Came on for consideration the partial motion to dismiss by defendants, Kingdom Downhole Tools, LLC, Trea H. Baker, and Justice Baker. The court, having considered the motion, the response, the reply, the record, and applicable authorities, finds that such motion should be denied.

I.

Background

On August 26, 2019, plaintiff, Diamondback Industries, Inc., filed its first amended complaint, wherein it asserted, inter alia, claims of patent infringement and violation of the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 1202(b), against defendants. Doc.[1] 65 at 22-23. On September 6, 2019, defendants filed the partial motion to dismiss plaintiff's first amended complaint, arguing for the dismissal of the DMCA claim for

---

[1] The "Doc.___" reference is to the number of the item on the docket in the above-captioned action.

failure to state a claim upon which relief may be granted and of the patent infringement claim for failure to join a necessary party. Doc. 69. On November 6, 2019, defendants withdrew the motion as to the patent infringement claim. Doc. 82.

II.

Grounds of the Motion

Defendants assert that plaintiff's DMCA cause of action should be dismissed for failure to state a claim for which relief may be granted because copyright registration, which plaintiff admits it lacks, is a prerequisite for bringing suit under the DMCA. Doc. 69 at 9; Doc. 74 at 12.

III.

Legal Standards

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than

2

simply allege legal conclusions or recite the elements of a cause of action. Id. at 555 & n.3. Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.")

Moreover, to survive a motion to dismiss for failure to state a claim for which relief may be granted, the facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible. Id. at 678. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. Twombly, 550 U.S. at 566-69. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679. A court may dismiss a claim where a plaintiff fails to meet a prerequisite to filing suit. See, e.g., Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC, 139 S. Ct. 881, 892 (2019).

IV.

Analysis
---

Because copyright registration is not a prerequisite to this action, plaintiff's DMCA claim need not be dismissed for failure to state a claim. Section 1202(b) of the DMCA prohibits, inter alia, "intentionally remov[ing] or alter[ing] any copyright management information" ("CMI") with the knowledge, or "having reasonable grounds to know, that it will induce, enable, facilitate, or conceal an infringement of any right under this title." 17 U.S.C. § 1202(b)(1). Generally, "no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title." 17 U.S.C. § 411(a). Defendants argue that this requirement applies to DMCA actions and justify their position by asserting that (1) a plain reading of Section 1202(b) of the DMCA establishes that a claim brought thereunder constitutes a civil action for infringement; (2) the provisions of Title 17 of the United States Code, including 17 U.S.C. § 411(a), apply to the DMCA despite its silence as to those provisions; and (3) precedent shows that the registration requirement applies to the DMCA. Doc. 69 at 9-10; Doc. 77 at 6-9. These arguments fail.

First, a plain reading of the DMCA does not establish that it is subject to the registration requirement found in 17 U.S.C. § 411(a). Such requirement pertains to "civil action[s] for infringement of the copyright." 17 U.S.C. § 411(a). However, a DMCA action under Section 1202(b) is not an action for infringement, but rather for the improper removal or alteration of CMI or the distribution of a work with the knowledge that such CMI has been improperly removed or altered. 17 U.S.C. § 1202(b)(1)-(3). Although the DMCA does mention "infringement," such infringement is not the subject of the civil action. Instead, the reference to infringement is used to describe the <u>scienter</u> requirement, wherein the defendant must know that the removal or alteration of CMI "will induce, enable, facilitate, or conceal an infringement of any right under this title." <u>Id.</u>

Although a DMCA claim requires the defendant to know of potential infringement, such requirement does not necessitate registration because infringement can occur absent registration. A copyright owner's exclusive rights vest at the time of the creation of the work, and infringement occurs any time those rights are violated, even if registration has not occurred. 17 U.S.C. §§ 102, 106, 501(a); <u>Fourth Estate</u>, 139 S. Ct. at 891 (stating the "the Copyright Act safeguards copyright owners, irrespective of registration, by vesting them with exclusive

5

rights upon creation of their works and prohibiting infringement from that point forward" and noting that infringement may occur "before a copyright owner applies for registration"). Registration "is not a condition of copyright protection." 17 U.S.C. § 408(a). Therefore, although the DMCA mentions infringement, the plain text does not require registration.

Second, Section 411(a) need not apply to the DMCA merely because other provisions of Title 17 do. Section 411(a)'s terms expressly limit its application to "civil action[s] for infringement of the copyright." 17 U.S.C. § 411(a). Meanwhile, the statute of limitations applies to all civil actions brought "under the provisions of this title," which includes DMCA actions. 17 U.S.C. § 507(b); 17 U.S.C. § 1202(b). The other two provisions to which defendants point, Sections 102 and 106, define when copyright exists and the exclusive rights enjoyed by copyright owners. 17 U.S.C. §§ 102, 106. Like the statute of limitations and unlike the registration requirement, these provisions are general in scope.

Third, the case law cited by defendants does not indicate that registration is required for DMCA actions. The Supreme Court's decision in <u>Fourth Estate Public Benefit Corporation v. Wall-Street.com, LLC</u> pertained to what constitutes adequate registration under Section 411(a). 139 S. Ct. at 886. In its

6

analysis, the Court stated that under Section 411(a), "registration is akin to an administrative exhaustion requirement that the owner must satisfy before suing to enforce ownership rights." Id. at 887. Defendants argue that a DMCA action is a suit "to enforce ownership rights" and that this sentence requires registration in such actions. Doc. 77 at 8. However, three sentences prior, the Court defined the "ownership rights" to which it referred - the "exclusive rights" listed in Section 106, the violation of which constitutes infringement. Fourth Estate, 139 S. Ct. at 887. The Court's opinion in Fourth Estate focuses solely on infringement suits and never mentions the DMCA or the mishandling of CMI.

The one[2] cited case in which a court found that the DMCA requires registration does not provide any analysis in arriving at that conclusion. See Sims v. Viacom, Inc., No. 2:11-cv-0675, 2012 WL 280609, at *4 (W.D. Pa. Jan. 31, 2012). Further, the decision is not binding precedent on this court, and other district courts have made the opposite conclusion. See Med.

---

[2] Another district court case cited by defendants, Thron v. HarperCollins Publishers, Inc., did not hold that registration is required in DMCA actions, but rather found that information regarding an invalid registration did not constitute CMI. No. 01CIV.5437(JSR), 2002 WL 1733640, at *1 (S.D.N.Y. July 26, 2002); see also Playboy Enters. Int'l Inc. V. Mediatakeout.com LLC, No. 15 Civ. 7053 (PAE), 2016 WL 1023321, at *5 (S.D.N.Y. Mar. 8, 2016) (stating that "plaintiff's failure to register its copyrighted work is not a bar to a DMCA action" and explaining its prior decision in Thron). Although the information allegedly removed in the present action included an incorrect date, it did not relate to an invalid registration. See Doc. 77 at 8; Doc. 65 at 23.

Broad. Co. v. Flaiz, No. Civ.A 02-8554, 2003 WL 22838094, at *3 (E.D. Pa. Nov. 25, 2003) ("Nothing in § 1202 of the DMCA suggests that registration is a precondition to a lawsuit."); Gattoni v. Tibi, LLC, 254 F. Supp. 3d 659, 663-64 (S.D.N.Y. 2017); ECIMOS, LLC v. Carrier Corp., No. 2:15-cv-2726-JPM-cgc, 2018 WL 3589106, at *9 (W.D. Tenn. May 13, 2018); Exec. Corp. v. Oisoon, LLC, No. 3:16-cv-00898, 2017 WL 4310113, at *4 (M.D. Tenn. Sept. 28, 2017).

For the foregoing reasons, the court is not persuaded that registration is required and finds that the motion to dismiss plaintiff's DMCA claim should be denied.

V.

Order

Therefore,

The court ORDERS that defendants' partial motion to dismiss be, and is hereby, denied.

SIGNED November 7, 2019.

_____
JOHN McBRYDE
United States District Judge