**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| DIAMONDBACK INDUSTRIES, INC., | § § § | |
| Plaintiff, | § § | Civil Action No. 4:18-cv-00902-A |
| v. | § § | |
| KINGDOM DOWNHOLE TOOLS, LLC; TREA H. BAKER; and JUSTICE BAKER, | § § § § | |
| Defendants. | § § | |

### DEFENDANTS KINGDOM DOWNHOLE TOOLS, LLC, TREA H. BAKER, AND JUSTICE BAKER'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendants Kingdom Downhole Tools, LLC ("Kingdom"), Trea H. Baker ("Trea"), and Justice Baker ("Justice") (collectively, "Defendants" or "Kingdom Parties") file this Original Answer and Affirmative Defenses to Plaintiff's First Amended Complaint (the "Complaint") as follows:

### A.  DEFENDANTS' ANSWER

#### I.  Parties

1. Upon information and belief, Defendants admit the allegations in Complaint Paragraph 1.

2. Defendants admit the allegations contained in Complaint Paragraph 2.

3. Defendants admit that Trea is an individual residing in Granbury, Texas. Defendants deny the remaining allegations contained in Complaint Paragraph 3.

1

4. Defendants admit that Justice is an individual residing in Granbury, Texas. Defendants deny the remaining allegations contained in Complaint Paragraph 4.

5. Defendants admit the allegations contained in Complaint Paragraph 5.

## II.   Jurisdiction and Venue

6. Defendants admit that Plaintiff purports that this is an action for trade secret misappropriation arising under Title 18 of the United States Code, violation of the Digital Millennium Copyright Act ("DMCA") under 17 U.S.C. §§ 1202-1203, as well as various claims under the laws of the State of Texas, as alleged by Plaintiff in Complaint Paragraph 6, but deny that this is an action for declaratory judgment of non-infringement of a patent under 35 U.S.C. § 1, *et seq.*, and 28 U.S.C. § 2201, that Defendants committed any violations of law, and that Plaintiff is entitled to any relief or damages. Defendants deny the remaining allegations of Complaint Paragraph 6.

7. Defendants admit that jurisdiction is properly pled in this Court, as alleged by Plaintiff in Complaint Paragraph 7, but deny that Defendants committed any violations of law and that Plaintiff is entitled to any relief or damages.

8. Defendants admit that venue is proper in this Court because Defendants conduct business in this District. Defendants deny the remaining allegations in Complaint Paragraph 8.

## III.   Summary of the Complaint

9. Defendants admit that Plaintiff is suing Defendants for purported misappropriation of trade secrets, violations of the Computer Fraud and Abuse Act (18 U.S.C. § 1030), conspiracy, and violation of the DMCA (17 U.S.C. § 1202), but deny that Defendants committed any violations of law and that Plaintiff is entitled to any relief or damages. Defendants deny the remaining allegations of Complaint Paragraph 9.

10.     Defendants admit that Defendants Trea and Justice are former Diamondback employees. Defendants deny the remaining allegations in Complaint Paragraph 10.

### IV.     Timeline of Relevant Events

**Diamondback and the '035 Patent**

11.     On November 22, 2019, Plaintiff filed a notice of voluntary dismissal without prejudice of its patent infringement claim as stated in Plaintiff's First Amended Complaint. Dkt. 88. The Court entered final judgment as to the dismissal of Plaintiff's claim for patent infringement against Defendants. Dkt. 89. Accordingly, there is no need for Defendants to respond to paragraph 11 of Plaintiff's First Amended Complaint. To the extent a response is required, Defendants admit that Diamondback is owned by Derrek Drury ("Drury"). Upon information and belief, Defendants admit that Diamondback was founded in 1999. Defendants admit that Diamondback develops, manufactures, and sells setting tools, power charges, and igniters for use in completing oil and gas wells. Defendants admit that Diamondback was issued U.S. Patent No. 9,810,035 (the "'035 Patent"), titled "Disposable Setting Tool," on November 7, 2017. Defendants admit that Drury and Trea were two of the three inventors listed on the '035 Patent and that Trea was one of the inventors of the Disposable Setting Tool but deny that Drury was an inventor of the Disposable Setting Tool. Defendants admit that Jim Carr was an employee of Diamondback, is the third inventor listed on the '035 Patent, was one of the inventors of the Disposable Setting Tool, and that he is deceased. Defendants admit that during Trea and Justice's employment with Diamondback, in addition to the Disposable Setting Tool, Diamondback manufactured power charges for use in both its patented tool, as well as other setting tools manufactured by other companies, such as Baker Hughes. Defendants lack sufficient information

3

to admit or deny the remaining allegations set forth in Complaint Paragraph 11, and, therefore, deny the same.

12. On November 22, 2019, Plaintiff filed a notice of voluntary dismissal without prejudice of its patent infringement claim as stated in Plaintiff's First Amended Complaint. Dkt. 88. The Court entered final judgment as to the dismissal of Plaintiff's claim for patent infringement against Defendants. Dkt. 89. Accordingly, there is no need for Defendants to respond to paragraph 12 of Plaintiff's First Amended Complaint. To the extent a response is required, Defendants admit that Plaintiff claims that the '035 Patent discloses and claims a setting tool designed to be attached to a wireline used for downhole tools. Defendants admit that the setting tool claimed in the '035 Patent purports to be designed so that when a power charge is ignited in a power charge chamber of the tool, the resulting gasses from the burning of the charge should increase the pressure to force a barrel piston over a mandrel toward the downhole end of the mandrel, where a frac plug should be attached. Defendants admit that the setting tool claimed in the '035 Patent claims that a barrel piston engages a setting sleeve, which in turn should engage the frac plug attached to the end of the mandrel to deploy the frac plug in a wellbore. Defendants admit that Plaintiff reproduces Claim 1 of the '035 Patent in Complaint Paragraph 12. Defendants deny the remaining allegations set forth in Complaint Paragraph 12.

13. Defendants admit that in 2017 Trea and Drury discussed Trea obtaining an ownership interest in Diamondback but deny that the conversation occurred in June. Defendants deny the remaining allegations in Complaint Paragraph 13.

14. Defendants admit that Diamondback and Repeat Precision, LLC are currently in litigation in the United States District Court for the Western District of Texas in Waco. Defendants deny that Trea inserted himself into the relationship between Diamondback and

Repeat Precision, LLC and deny that Defendants engaged in wrongful conduct, individually or in connection with the parties in the Waco litigation. Defendants deny the remaining allegations set forth in Complaint Paragraph 14.

15. Defendants admit that Drury sent an email on March 28, 2018, to the leadership of Diamondback, and that Justice Baker was copied on that email. Defendants deny the remaining allegations set forth in Complaint Paragraph 15.

16. Defendants admit that Trea was the Vice President of Operations at Diamondback, and that after Diamondback terminated Trea's employment, he began efforts to invent a downhole setting tool. Defendants deny that his efforts began in March of 2018 or earlier and that his efforts were for the purpose of competing against Diamondback. Defendants deny the remaining allegations as set forth in Complaint Paragraph 16.

17. Defendants admit the allegations set forth in Complaint Paragraph 17.

18. Defendants admit that Diamondback terminated Trea's employment with Diamondback, and that before Trea's termination Trea had access to Diamondback's information. Defendants deny that the information constituted either confidential or trade secret information. Defendants lack sufficient information to admit or deny the remaining allegations set forth in Complaint Paragraph 18 and, therefore deny the same.

19. Defendants admit that on April 12, 2018, Justice sent an email to Trea's Diamondback email account, that the email had attachments consisting of Diamondback's tool and product drawings, and that Drury terminated Justice from Diamondback. Defendants deny that Trea undertook efforts to work with his son, Justice, to obtain trade secrets and technical specifications on Diamondback's tools and products. Defendants lacks sufficient information to

5

admit or deny the remaining allegations set forth in Complaint Paragraph 19 and, therefore deny the same.

20. Defendants admit that Diamondback terminated Justice's employment with Diamondback, that less than two weeks after Justice had been terminated Diamondback received a document titled "Executive Summary" that was created on or about April 22, 2018, that the "Executive Summary" referenced a company called "Kingdom Downhole Tools, L.L.C," that the "Executive Summary" contains a statement indicating that Kingdom has "expertise in automation of Power Charge manufacturing and perfecting the one-run tool design," and "[t]his business plan contains confidential, trade-secret information," but deny that the "Executive Summary contains any confidential, trade-secret information." Defendants admit that both Justice and Trea are managing members of Kingdom Downhole Tools, L.L.C., which was formed on or about June 18, 2019. Defendants deny the remaining allegations in Complaint Paragraph 20.

21. Defendants admit that Gary Martin paid Trea for consulting. Defendants deny that Repeat Precision provided Trea with health benefits or hired Trea to provide information confidential to Diamondback and deny that Trea provided Gary Martin with any details or secrets surrounding Diamondback's power charge formula(s) or methods of manufacture. Defendants deny that Diamondback's power charge formula(s) and methods of manufacture are kept in secrecy by Diamondback. Defendants lack sufficient information to admit or deny the remaining allegations set forth in Complaint Paragraph 21 and, therefore, deny the same.

22. Defendants admit that Trea testified in his deposition in this case that between his termination on March 22, 2018, and April 1, 2018, he did one consulting job for Gary Martin. Defendants admit that Gary Martin asked Trea "to research the market for the market share in the

6

power charges in the oil and gas market," and that Gary Martin asked Trea for his "idea of the best machine tools that are on the market." Defendants deny the remaining allegations set forth in Complaint Paragraph 22.

23.  Defendants admit that in April 2018, Trea began thinking about designing a new tool and named that tool the "K20." Defendants deny the remaining allegations set forth in Complaint Paragraph 23.

24.  Defendants admit that Justice is Trea's son, that after Trea's termination from Diamondback on March 22, 2018 and after Justice's termination from Diamondback on April 12, 2018, Trea and Justice formed Kingdom Downhole Tools, LLC, and that Kingdom Downhole Tools, LLC is a competitor of Diamondback. Defendants deny the remaining allegations set forth in Complaint Paragraph 24.

25.  Defendants admit that Matt Pond was one of the original members of Kingdom, was the then President of Frontier Oil Tools, LLC, was involved in trying to obtain manufacturing for Kingdom's setting tools and was an investor in Kingdom in an amount of $70,000.00. Defendants deny the remaining allegations set forth in Complaint Paragraph 25.

26.  Defendants admit that Trea and Justice met with Matt Pond in mid-April to discuss the idea of creating a downhole setting tool. Defendants deny the remaining allegations in Complaint Paragraph 26.

27.  Defendants admit that on May 16, 2018, Matt Pond, a founding member of Kingdom, forwarded an email from Trea to Hector Herrera of Frontier Oil Tools, LLC ("Frontier"). Defendants admit that the email included scanned engineering drawings. Defendants deny the remaining allegations set forth in Complaint Paragraph 27.

28. Defendants admit that Plaintiff obtained documents referenced in Complaint Paragraph 27 after sending a subpoena to Frontier. Defendants deny the remaining allegations as set forth in Complaint Paragraph 28.

29. Defendants admit that Bates labeled FOT00212, FOT00213, and FOT00216 are engineering drawings that do not contain information identifying the author, owner, or copyright ownership. Defendants lack sufficient information to admit or deny the remaining allegations set forth in Complaint Paragraph 29 and, therefore, deny the same.

30. Defendants admit that the excerpt contained in Complaint Paragraph 30 appears to be an excerpt from DI-NDTex-044949. Plaintiff's allegation that the information removed constitutes "copyright management information" calls for a legal conclusion and requires no admission or denial. To the extent a response is required, Defendants deny the allegation. Defendants deny the remaining allegations set forth in Complaint Paragraph 30.

31. Defendants deny that they altered the drawings. Defendants lack sufficient information to admit or deny the remaining allegations set forth in Complaint Paragraph 31 and, therefore, deny the same.

32. Defendants admit that during Trea's deposition when asked where he obtained the drawings that he sent to Frontier, Trea testified that he did not know where they came from and that he got it "probably from a website…like somebody that already makes it like Owen Oil Tools or Hunting Titan. I'm not sure where I got it." Defendants deny the remaining allegations set forth in Complaint Paragraph 32.

33. Defendants deny the allegations set forth in Complaint Paragraph 33.

34. On November 22, 2019, Plaintiff filed a notice of voluntary dismissal without prejudice of its patent infringement claim as stated in Plaintiff's First Amended Complaint. Dkt.

88. The Court entered final judgment as to the dismissal of Plaintiff's claim for patent infringement against Defendants. Dkt. 89. Accordingly, there is no need for Defendants to respond to paragraph 34 Plaintiff's First Amended Complaint to the extent it relates to alleged patent infringement. To the extent a response is required, Defendants admit that Kingdom's "K20" is a competing setting tool. Defendants deny the remaining allegations in Complaint Paragraph 34.

35. On November 22, 2019, Plaintiff filed a notice of voluntary dismissal without prejudice of its patent infringement claim as stated in Plaintiff's First Amended Complaint. Dkt. 88. The Court entered final judgment as to the dismissal of Plaintiff's claim for patent infringement against Defendants. Dkt. 89. Accordingly, there is no need for Defendants to respond to paragraph 35 of Plaintiff's First Amended Complaint. To the extent a response is required, Defendants deny the allegations.

36. On November 22, 2019, Plaintiff filed a notice of voluntary dismissal without prejudice of its patent infringement claim as stated in Plaintiff's First Amended Complaint. Dkt. 88. The Court entered final judgment as to the dismissal of Plaintiff's claim for patent infringement against Defendants. Dkt. 89. Accordingly, there is no need for Defendants to respond to paragraph 36 of Plaintiff's First Amended Complaint. To the extent a response is required, Defendants deny the allegations.

### V.   Causes of Action

37. Defendants incorporate Paragraphs 1-36 of their Answer herein by reference.

**I. MISAPPROPRIATION OF TRADE SECRETS IN [SIC] UNDER THE DEFEND TRADE SECRETS ACT**

38. Defendants deny the allegations in Complaint Paragraph 38.

39. Defendants admit that Trea and Justice were employees of Diamondback and subject to Diamondback's company policies. Defendants admit that the Diamondback Employee Handbook contains the excerpt titled "Confidentiality/Non-Disclosure," but deny that the list of alleged "confidential business information and trade secrets" contained in Diamondback's Employee Handbook constitutes either confidential business information or trade secrets and deny that Plaintiff has any confidential business information or trade secrets as set forth in Complaint Paragraph 39. Defendants lack sufficient information to admit or deny the remaining allegations of Complaint Paragraph 39 and therefore deny the same.

40. Defendants deny the allegations in Complaint Paragraph 40.

41. Defendants admit that while employed at Diamondback Trea and Justice's access to file-shares required a password authorization. Defendants deny the remaining allegations in Complaint Paragraph 41.

42. Defendants deny the allegations in Complaint Paragraph 42.

43. Defendants deny the allegations in Complaint Paragraph 43.

44. Defendants deny the allegations in Complaint Paragraph 44.

45. Defendants deny the allegations in Complaint Paragraph 45.

46. Defendants deny the allegations in Complaint Paragraph 46.

47. Defendants deny the allegations in Complaint Paragraph 47.

48. Defendants deny the allegations in Complaint Paragraph 48.

49. Defendants deny the allegations in Complaint Paragraph 49.

50. Defendants deny the allegations in Complaint Paragraph 50.

51. Defendants admit that on June 18, 2018, Trea and Justice formally established Kingdom Downhole Tools, LLC. Defendants deny the remaining allegations set forth in Complaint Paragraph 51.

52. Defendants deny the allegations in Complaint Paragraph 52.

53. Defendants deny the allegations in Complaint Paragraph 53.

54. Defendants deny the allegations in Complaint Paragraph 54.

## II. COMPUTER FRAUD AND ABUSE ACT

55. Defendants deny the allegations in Complaint Paragraph 55.

56. Defendants admit that Plaintiff granted Justice access to Plaintiff's data via a computer. Defendants deny the remaining allegations in Complaint Paragraph 56.

57. Defendants admit that Trea is Justice's father and is a terminated Diamondback employee. Defendants admit that Plaintiff granted Justice access to Diamondback's data. Defendants deny the remaining allegations set forth in Complaint Paragraph 57.

58. Defendants deny the allegations in Complaint Paragraph 58.

## III. HARMFUL ACCESS BY COMPUTER

59. Defendants deny the allegations in Complaint Paragraph 59.

60. Defendants deny the allegations in Complaint Paragraph 60.

## IV. CIVIL CONSPIRACY

61. Defendants deny the allegations in Complaint Paragraph 61.

62. Defendants deny the allegations in Complaint Paragraph 62.

63. Defendants deny the allegations in Complaint Paragraph 63.

64. Defendants deny the allegations in Complaint Paragraph 64.

## V. PATENT INFRINGEMENT

On November 22, 2019, Plaintiff filed a notice of voluntary dismissal without prejudice of its patent infringement claim as stated in Plaintiff's First Amended Complaint. Dkt. 88. The Court entered final judgment as to the dismissal of Plaintiff's claim for patent infringement against Defendants. Dkt. 89. Accordingly, there is no need for Defendants to respond to paragraphs 65 through 70 of Plaintiff's First Amended Complaint. To the extent a response is required, Defendants deny the allegations.

## VI. VIOLATION OF THE DIGITAL MILLENNIUM COPYRIGHT ACT ("DMCA") 17 U.S.C. § 1202

71. Defendants admit that Plaintiff's documents bearing Bates labels DI-NDTex-044949, 044951, 044952 include the purported title of the drawing, the purported initials of the author, a purported notice of copyright, and Diamondback Industries, Inc. Plaintiff's allegation that this material constitutes "copyright management information" is a legal conclusion to which no response is required, but to the extent a response is required, Defendants deny the allegation. Defendants deny the remaining allegations set forth in Complaint Paragraph 71.

72. Defendants deny the allegations in Complaint Paragraph 72.

73. Defendants deny the allegations in Complaint Paragraph 73.

74. Defendants deny the allegations in Complaint Paragraph 74.

75. Defendants deny the allegations in Complaint Paragraph 75.

## VII. Interest and Attorney's Fees

76. Defendants deny the allegations in Complaint Paragraph 76 and deny that Plaintiff is entitled to the damages, attorney's fees, and interest claimed in Complaint Paragraph 76.

### VIII. CONDITIONS PRECEDENT

77. Defendants lack sufficient information to admit or deny the allegations set forth in Complaint Paragraph 77, and, therefore, deny the same.

### VI. Prayer for Relief

Defendants deny the allegations set forth against them in the Prayer and that Plaintiff is entitled to the relief demanded in subsections a. through p. of the Prayer. Plaintiff's Prayer for Relief should be denied in its entirety and with prejudice, and Plaintiff should take nothing.

### VII. Additional Relief

Defendants admit that Plaintiff purports to reserve the right to seek preliminary injunctive relief against Defendants to preclude the sale of their allegedly infringing tools, as well as such tools that were allegedly manufacture using works distributed in violation of the DMCA, but deny that Defendants committed any violations of law and that Plaintiff is entitled to injunctive relief or damages.

### B. **AFFIRMATIVE DEFENSES**

Defendants allege the following defenses below. In asserting these defenses, Defendants do not assume the burden of proof on matters that are Plaintiff's burden to prove. Defendants reserve the right to amend their Answer, including asserting additionally defenses and counterclaims consistent with the facts discovered in this case.

78. The Complaint fails to state a claim upon which relief can be granted.

79. Any information that Defendants may have acquired from the Plaintiff does not constitute trade secret information under 18 U.S.C. § 1836, *et seq.*

80. Assuming that any information and material that Plaintiff gave Defendants access to, or entrusted them with, as alleged in the Complaint, is deemed to constitute trade secret

information under 18 U.S.C. § 1836, *et seq*, such information was not misappropriated or otherwise unlawfully disclosed by the Defendants.

81. Plaintiff's trade secret claims are barred by the defense of independent development because any information used by Defendants was their own or public information.

82. Plaintiff's trade secret claims are barred because Plaintiff's failed to take proper efforts to keep the alleged trade secret information secret.

83. Defendants' actions were and remain privileged as legitimate competition.

84. Plaintiff's claims are barred in whole or in part by the equitable doctrines of estoppel, laches, waiver, unclean hands, and/or acquiescence.

85. Plaintiff's claims are barred in whole or in part by the defense of release.

86. The damages allegedly suffered by Plaintiff were not caused in fact by any conduct or act or omission of Defendants.

87. The damages allegedly suffered by Plaintiff were not proximately caused by any conduct or act or omission of Defendants.

88. Plaintiff has failed to exercise reasonable care and diligence to mitigate its alleged injuries and damages (if any).

89. Plaintiff does not hold a valid copyright in any of the technical drawings, including those bearing Bates labels DI-NDTex-044949, 044951, and 044952 as well as FOT00212, 213, and 216.

90. Plaintiff's alleged damages (if any) are speculative and impossible to ascertain.

91. Injunctive relief is inappropriate, as Plaintiff will not suffer immediate and/or irreparable harm as a consequence of Defendants' alleged actions.

92. Injunctive relief is inappropriate, as Plaintiff has an adequate legal remedy available to it to address the harm that it has purportedly suffered as a consequence of Defendants' alleged actions.

93. Injunctive relief is inappropriate, as consideration of the public interest does not support an injunction.

94. As a result of the allegations and claims advanced by Plaintiff in the Complaint, Defendants have been required to retain legal counsel to defend against this action. The trade secret claims advanced in the Complaint are frivolous, without legal or factual basis, and have been brought in subjective bad faith. Therefore, the relief requested is precluded and Defendants are entitled to recover their reasonable attorneys' fees, under 18 U.S.C. 1836(b)(3)(D).

95. Defendants reserve the right to assert any other claims or defenses as may be available, or may become available, to it during the course of these proceedings.

### C. PRAYER

WHEREFORE, Defendants Kingdom Downhole Tools, LLC, Trea H. Baker, and Justice Baker pray that (1) Plaintiff's Complaint be dismissed with prejudice; (2) Plaintiff takes nothing by virtue of its claims against Defendants; (3) the Court award Defendants their reasonable attorneys' fees and costs for defending this action; (4) the Court deem this case an "exceptional case" under 35 U.S.C. § 285 and award Defendants their reasonable attorney's fees; and (5) grant Defendants all other relief to which they are justly entitled.

Dated: December 2, 2019

Respectfully submitted,

*/s/ Michael A. McCabe/*

**MICHAEL A. MCCABE**
Texas State Bar No. 24007628
mmccabe@munckwilson.com
**KELLY P. CHEN**
Texas State Bar No. 24062664
kchen@munckwilson.com
**NICHOLE M. PLAGENS**
Texas State Bar No. 24083665
nplagens@munckwilson.com
**MUNCK WILSON MANDALA, LLP**
600 Banner Place Tower
12770 Coit Road
Dallas, Texas 75251
Telephone: 972-628-3600
Telecopier: 972-628-3616

**ATTORNEYS FOR DEFENDANTS KINGDOM DOWNHOLE TOOLS, LLC, TREA H. BAKER, AND JUSTICE BAKER**

## CERTIFICATE OF SERVICE

I hereby certify on this 2nd day of December, 2019, that a true and correct copy of the foregoing was served on all counsel of record indicated below via electronic mail pursuant to Fed. R. Civ. P. 5(b)(2)(e).

*/s/ Michael A. McCabe/*

Michael A. McCabe

819789.

16